## THOMPSON v. WILLIAMS et al.

A NOTICE to the indorser of a note of non-payment by the maker is sufficient, if it appear that the indorser, at the time of receiving the notice, knew what particular piece of paper was referred to, and could not have been prejudiced by the failure to describe it. And this, though the notice was verbal, and the note neither produced, nor described.

Where a note, due January, 1857, was indorsed by the payee to the present holder, November 26th, 1858, and he, November 29th, 1858, demanded payment of the maker, and verbally notified the indorser of such demand, and that he would be held on his indorsement, it is no objection to the notice that it did not state the time of demand. The demand was good, if made within a reasonable time, and before the notice; otherwise, as to notes indorsed before maturity. In such cases the notice must state the time of demand.

If much time intervenes between demand and notice, in transfers after maturity, the question may arise whether the delay has not released the indorser.

A notice by the holder that he "had demanded payment of that note," implies that payment was demanded of the person liable to pay, to wit: the maker. And the declaration that he intended to look for payment to defendant, the indorser, implies the fact of nonpayment.

APPEAL from the Eleventh District.

The note sued on was assigned by the indorser to plaintiff three days before the notice. The case was tried by the Court. Plaintiff had judgment, and Borland, the indorser, appeals.

*Sanderson & Newell*, for Appellant.

The facts are insufficient to charge the defendant, Borland, as indorser, in this, that the notice of demand given to the indorser does not show:

1. That payment had ever been refused by the maker.

2. It does not show when the demand was made by the holder of the maker.

3. It does not show in what manner the demand was made.

4. The notice of demand does not show what notes were referred to. (*Wynn* v. *Alden*, 4 Denio, 163; *Lockwood* v. *Crawford*, 18 Conn. 361.)

*John Hume*, for Respondent.

Several requisites are necessary to sufficient notice, stated as follows, in Story on Promissory Notes, (Sec. 348):

1. A true description of the note, so as to ascertain its identity.

2. An assertion that it has been duly presented at maturity and dishonored.

3. That the holder, or other person, giving the notice, looks to the person to whom the notice is given, for reimbursement and indemnity.

It is not necessary in giving notice of nonpayment, to use any particular form of words. If the party liable is placed in any manner in possession of the facts which constitute the liability, it is sufficient. (Story's Prom. Notes, Secs. 348, 349, and Notes.)

Did Borland know what notes were meant when Thompson informed him that he demanded payment, and would look to him? The Court below finds in the affirmative. It was not necessary to produce the notes for inspection. (*Lockwood* v. *Crawford*, 18 Conn. 360.)

Borland's liability to pay did not turn upon the demand having been made on any particular day. The note was assigned long after it was due, and demand within a reasonable time was sufficient. Where the note is assigned before due, the time of demand must be stated, because the liability of the indorser depends upon the time when the demand is made. If made before maturity, or long after, the indorser is not liable, and the notice must show his liability. The cases cited by Appellant, apply only to notes assigned before maturity.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action on a promissory note by the holder against the maker and indorser. The note is dated January 5th, 1857, and by its terms, became due on the following day. On the 26th of November, 1858, it was indorsed by the payee to the present holder, who, on the 29th of the same month, demanded payment of the maker, and on the same day, verbally notified the indorser of such demand, and that he would be held upon his indorsement. The question is as to the sufficiency of this notice.

Mr. Justice Story, in his work on Promissory Notes, (Section 348,) in speaking of the form of the notice of dishonor to be given, or sent to the indorser, says: "No precise form of words is necessary to be used upon such occasions. Still, however, it is indispensable that it should either expressly, or by just and natural implication, contain, in substance, the following requisites: 1. A true description of the note, so as to ascertain its identity. 2. An assertion that it has been duly presented to the maker at its maturity and dishonored. 3. That the holder, or other person, giving the notice, looks to the person to whom the notice is given for reimbursement and indemnity."

The notice, in this case, was substantially as follows: The plaintiff said to the defendant, Borland, the indorser, that he had demanded payment of that note, and desired to know what he intended to do about it. Borland replied that he was not liable to pay. The plaintiff then said that his name was upon it, and he should endeavor to make him liable; to which, Borland responded, that he had lost by the arrangement, and could not be held. The note was neither produced nor described, but the Court below found, as a fact, that the defendant knew what note was referred to, and this finding was authorized by the circumstances, and his language and conduct on the occasion.

The object of the law in requiring a correct description of the note to be given in the notice to the indorser, is, that he may be put upon notice of the extent of his liability, and placed in possession of the material facts necessary to enable him to secure the liability of others over to him, and his own reimbursement, upon payment of the note. The rule was not intended to subserve a technical purpose, but to promote substantial justice,

and when it sufficiently appears that the indorser, at the time of receiving the notice, knew what particular piece of paper was referred to, and could not have been prejudiced by the failure to describe it, he cannot be permitted to object that his information was not communicated in a particular manner.   This view was expressed by the Supreme Court of the United States in *Mills* v. *The Bank of the United States*, (11 Wheat. 431.)   In that case, there was a misdescription of the date of the note, and it was contended that this defect in the notice was fatal to the right of recovery against the indorser.   But the Court held that, under the circumstances, the notice was sufficient, and the following are among the reasons given for the decision:  "Under these circumstances, the Court laid down a rule most favorable to the defendant.   It directed the jury to find the notice good, if there was no other note, payable in the office at Chilicothe, drawn by Wood & Ebert, and indorsed by the defendant.   If there was no other note, how could the mistake of date possibly mislead the defendant?   If he had indorsed but one note for Wood & Ebert, how could the notice fail to be full and unexceptionable in fact?"

The other objections to the sufficiency of the notice are quite as easily disposed of.   It was, of course, impossible for the plaintiff to show that the demand of payment was made at the maturity of the note, for it was indorsed to him long after it became due.   He was required to make the demand, not on any particular day, but within a reasonable time, and it is not pretended that he is chargeable with a want of diligence.   It is contended, however, that the time at which the demand was made, should have been stated, and that the omission to state it was a fatal defect in the notice.   We do not think so.   A demand at any time before the notice was sufficient; and of this the indorser was as well advised as the plaintiff, for the facts were known to both, and the conclusion was purely a matter of law.   There is no analogy between this case and the case of a note indorsed before it is due.   In the latter case, the demand must be made on the day the note matures, or the indorser will not be liable; and to fix his liability, the notice must show that the demand was made at the proper time.   This is all that the case of *Wynn* v. *Alden*, (4 Denio, 163,) amounts to.   The notice in that case stated, that

the note was presented *this day*, and payment refused; but the notice was not dated, and it was held to be defective, because it was impossible to ascertain from the paper itself what particular day was intended. The Court intimated, however, that the defect might have been cured by the introduction of extraneous evidence.

If much time had intervened between the demand and notice, the question might have arisen, whether the defendant was not, by reason of the delay, released from liability. But we do not see how that question could have been determined by a reference to the notice itself; we are not aware of the existence of any rule of law, making the contents of a notice evidence of its service, or the fact of service a part of its contents.

The other requisites, that the demand was made of the maker, that he refused to pay, and that the plaintiff looked to the defendant for reimbursement and indemnity, were sufficiently stated in the notice. Any other construction would be forced and unreasonable. The necessary inference from the statement, that payment was demanded is, that it was demanded of the person liable to pay, namely, the maker of the note. The fact of non-payment is shown by necessary implication in the declaration of the plaintiff, that he intended to look for payment to the defendant.

It follows, that the notice to the defendant was sufficient, and the judgment of the Court below must be affirmed.

Ordered accordingly.