[No. 4905.]

## WILBUR CURTIS *v.* THOMAS SPRAGUE AND CHAS. E. HUSE.

INDORSER OF PROMISSORY NOTE.—If the indorser of a promissory note, after it falls due, promises to pay the same, with a knowledge that the holder has failed to give notice of non-payment and make demand of payment, the promise dispenses with the necessity of demand and notice.

VERBAL PROMISE BY INDORSER TO PAY NOTE.—A statement made by the indorser of a promissory note, after it falls due, to the holder, that he is responsible for the note, is in effect a promise to pay it.

INDORSEMENT OF NOTE IN BLANK.—If the payee of a promissory note indorses it in blank, and delivers it to another, the note becomes payable to the transferee, not as indorsee, but as bearer.

IDEM.—The facts that the payee indorses a note in blank, and delivers it to a person who afterwards reassigns it to him without recourse, and that the payee then delivers it to another person, do not change the rule.

PARTY PLAINTIFF.—If, in an action on a promissory note, it appears that the legal title is wholly in the plaintiff, it is error for the court to permit another to be joined with him as plaintiff, although such other may have an equitable right to a part of the proceeds of the note when collected.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

January 19, 1865, the defendant, Thomas Sprague, made,

executed and delivered his promissory note to the plaintiff, Dennis, in the words and figures following to wit:

"$2400.                                    January 19, 1865.

"On the 1st of November, proximo, I promise to pay to Thomas Dennis, or order, two thousand four hundred dollars, for value received, in United States gold coin, with interest at the rate of one and one-half per cent. per month.

"THOMAS SPRAGUE."

At the time of the making and delivery of the note, the defendant Huse guaranteed its payment by indorsing the same. When the note fell due, Dennis failed to make demand of payment and give notice of non-payment. Afterwards, and about the month of September, 1866, Huse made a payment on the note, and said to the payee: "Mr. Dennis, I am responsible for that note." Dennis after this indorsed the note in blank, and delivered it to F. Maguire. Subsequently, Maguire assigned the note to Dennis by indorsement, without recourse, and redelivered the same to him. Afterwards, Dennis delivered the note to the plaintiff Curtiss, without receiving any value, but with an agreement that Curtiss should bring suit and divide with him what he recovered. The plaintiff recovered judgment, and the defendants appealed.

*Chas. E. Huse*, for the Appellants.

*Albert Packard*, for the Respondent.

By the COURT:

1. The statement made by Huse, the guarantor, to Dennis, the payee, after the maturity of the note, that "I am responsible for that note," is, in substance, a promise to pay it. It is clear from the evidence that he then had full knowledge of the laches of the holder, in failing to demand payment of the maker, on the day the note matured; and it is well settled that a promise by an indorser or guarantor, after maturity, to pay the note, with notice of the laches, dispenses with the necessity of proving demand and notice.

(*Keyes* v. *Fenstermaker*, 24 Cal. 333; *Sigerson* v. *Matthews*, 20 How. 496.) The court below, therefore, properly held that Huse was not released by a failure of the plaintiff to prove demand and notice.

2. There was no error in the refusal of the court below to nonsuit the plaintiff on the motion of the defendants. When the note was delivered to Curtis, it had on the back the blank indorsement of Dennis, the payee; and "the first effect of an indorsement in blank, is to make the paper payable, not to the transferee as indorsee, but as bearer." (2 Parsons on Notes and Bills, 19.) Curtis, therefore, acquired the legal title to the note, with a corresponding right of action, when it was delivered to him by the payee, indorsed in blank. We attribute no importance to the fact that the note had before been delivered by Dennis with the blank indorsement to Maguire, and that the latter had redelivered it to Dennis, with a special assignment. The title would have been as effectually reinvested in Dennis by mere delivery, without the assignment, as with it; and when Dennis afterwards delivered the note to Curtis, there was no need that he should again indorse it in blank, in order to convey the legal title, as the blank indorsement already on it was effectual for that purpose.

3. The legal title and right of action being wholly in Curtis, the court erred in permitting Dennis to be joined as a co-plaintiff. But it was an error which has wrought no substantial injury to the defendants. Nevertheless, in order to preserve a proper consistency in the record, we deem it better to remand the cause for further proceedings.

It is therefore ordered that the judgment be reversed and the cause remanded, with an order to the court below to vacate the order allowing Dennis to be joined as a co-plaintiff, and to enter a judgment on the findings in favor of the plaintiff Curtis.