No. 8532.

## WESTON ET UX. *v.* WILEY.

MORTGAGE.—*Note Given in Lieu of Notes Secured by Mortgage.—Evidence.— Payment.*—In an action upon a note, and to foreclose a mortgage given to secure the notes for which the note in suit had been executed, evidence that the plaintiff's assignor received the note in full payment of the mortgage notes is admissible, and if the mortgage notes were fully paid by the new note there could be no foreclosure of the mortgage.

PAYMENT.—*Promissory Note.—Presumption.—Evidence.*—Anything is payment which the creditor accepts as payment, and one note is paid by another note, if the latter is accepted as payment; if the note given in payment be negotiable by the law merchant, the presumption is that it was received as payment, and, if not thus negotiable, the presumption is that it was not received as a payment, but evidence is admissible to show that in fact it was received as a payment.

From the Franklin Circuit Court.

*W. H. Bracken, T. H. Smith, J. F. McKee* and *D. W. McKee,* for appellants.

*W. H. Jones* and *J. R. McMahan,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellants upon a note and mortgage. The complaint alleges that Kutzendaffer mortgaged the land to Williams and Day, to secure notes given by him to them for the purchase-money of the land; that Kutzendaffer sold the land to the appellant Talbot E. Weston, subject to the mortgage, and afterward Williams and Day assigned the notes and mortgage to William Print, and Weston assumed the payment of the notes to Print, and "took up the notes, so secured by said

mortgage, and executed a new note payable to Print for $238.70," which was the balance due on the original notes; a copy of the mortgage and a copy of the new note are annexed to the complaint and made part thereof. The complaint further states that Print endorsed said new note to the plaintiff; that the same is due and wholly unpaid, and contains a proviso for a reasonable attorney's fee, and that such a fee is $25. The complaint asks judgment for the amount of the note and attorney's fee, and for foreclosure of the mortgage.

The mortgage is dated February 20th, 1869, and it describes the notes secured by it as follows: Four notes, of even date herewith, one for $67.50, due January 1st, 1869; one for $100, due one year after date; one for $100, due two years after date, and one for $100, due three years after date, all with interest at ten per cent., and payable without relief. It does not appear that these notes made any provision for attorney's fees, and the mortgage contained no such provision. The new note was dated December 6th, 1874, and was payable one day after date. None of the notes were negotiable under the law merchant.

A demurrer to this complaint was overruled. The defendant Talbot E. Weston answered in two paragraphs.

1st. The general denial.

2d. As to the foreclosure claimed in the complaint, he answers that the notes secured by the mortgage were fully paid before suit brought, by this defendant giving his own note therefor, and that thereby the mortgage was satisfied.

The defendant Margaret Weston answered the complaint separately by a general denial. The plaintiff replied in denial of the second paragraph of Talbot Weston's answer, and the issues were tried by the court without a jury. There was a finding for the plaintiff for the amount of the new note and interest, and for $20 as an attorney's fee, and that the new note was given for the remainder of the purchase-money

of the mortgaged land, and was secured by the mortgage, and that the plaintiff was entitled to foreclosure.

The defendant's motion for a new trial was overruled, and judgment was rendered upon the finding. There was no motion to correct or modify the judgment. The defendants appealed. They assign as errors:

1st. Overruling the demurrer to the complaint.

2d. The finding that the note and mortgage named in the complaint were a lien upon the land therein described.

3d. Overruling the motion for a new trial.

4th. Rendering judgment declaring the amount found due on the note sued on to be a lien on said real estate, and in ordering the same to be sold.

The first of these alleged errors is not alluded to in the appellants' brief, and is therefore regarded as waived.

The principal question arises upon the overruling of the motion for a new trial. Among the reasons presented in support of this motion are errors of the court in excluding the testimony of the defendant Talbot E. Weston, and that the finding is not sustained by the evidence, and is contrary to law. One of the issues in the case was whether the notes mentioned in the mortgage had been paid. The bill of exceptions shows that the plaintiff, having introduced his evidence, and having rested, the defendants' counsel offered the defendant Talbot E. Weston as a witness, and proposed to prove by him that the note in suit was received by Print, the plaintiff's assignor, in full payment of the mortgage notes; the court refused to permit this proof to be made. This was error. If the mortgage notes were fully paid, there could be no foreclosure of the mortgage. Formerly nothing but money was a payment, but since the case of *Louden* v. *Birt*, 4 Ind. 566, anything is payment which the creditor accepts as payment. *Tilford* v. *Roberts*, 8 Ind. 254. One note is paid by another note, if the latter is accepted as payment; if the note given in payment be negotiable, according to the law merchant, the presumption is that it was received as a payment. *Alford* v.

*Baker*, 53 Ind. 279. If it be not so negotiable, then the presumption is, it was not received as a payment, but in such case evidence may be introduced to show that, in fact, it was received as a payment. *Alford* v. *Baker*, *supra*. The defendant ought to have been permitted to testify that the note in suit was actually received as a payment of the mortgage notes held by Print, and for this error the motion for a new trial ought to have been sustained. The court below erred in overruling the motion for a new trial, and its judgment ought to be reversed. This result renders it unnecessary to consider the other errors. It may be observed, however, that although the finding allows the plaintiff twenty dollars as an attorney's fee, there was no evidence whatever before the court showing what would be a reasonable attorney's fee. No witness testified upon that subject. The cause should be remanded for a new trial.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.