[No. 12187.    In Bank. — November 26, 1890.]

JOHN A. STANLEY ET AL., RESPONDENTS, v. J. E. McELRATH, APPELLANT.

$\frac{86}{133} \frac{449}{579}$

PAYMENT — NEGOTIABLE PAPER. — The payment of money is not necessary to the extinguishment of an obligation. A debt may be paid by the giving of a note, if it is offered and accepted as payment.

ID. — RECOVERY BY ACCOMMODATION INDORSER AGAINST MAKER. — Where an accommodation indorser has paid the note of the defendant for whom he became indorser by executing his own note to the holder, who accepted such new note as payment and extinguishment of the first note, such indorser may maintain an action to recover the amount of such first note from the defendant as for money paid to his use, though his own note was not paid at the time of trial.

LXXXVI. CAL.—29

NEGOTIABLE PAPER — SUFFICIENCY OF NOTICE TO CHARGE INDORSER — DELIVERY OF NOTICE — TAKING LETTER FROM MAIL-BAG. — Where the notice of protest of negotiable paper is sent by the notary in due time, and is actually delivered at the residence of the indorser on the next day to a person of discretion, apparently acting for him, it is sufficient; and the fact that the letter was taken from the mail-bag in violation of a regulation of the postal department, if such be the fact, is immaterial.

ID. — WAIVER OF PROTEST — RIGHTS OF INDORSER — ACTION AGAINST MAKER. — An indorser may waive his rights to notice of protest, not only for the purpose of charging himself with liability, but also without prejudice to his right of action as an accommodation indorser against the maker in case he pays the note. He cannot be regarded as a volunteer in making such payment, or as creating a new liability by his waiver of the condition of notice of dishonor which is provided for his benefit alone, and of the absence of which no other person can complain.

JUDICIAL NOTICE — FORMER ADJUDICATION — FINDING AGAINST EVIDENCE — COUNTERCLAIM — FAILURE TO FIND UPON ISSUE NOT PROVED. — The court cannot take judicial notice that a counterclaim pleaded in the answer had been formerly adjudicated in a separate action thereon, brought by the defendant against the plaintiff, or dispense with formal proof of such adjudication, and if no evidence is introduced to show it, a finding of such former separate adjudication is not supported by the evidence; but if no evidence is offered in support of the counterclaim, the finding of the former adjudication is immaterial, and a failure to find upon the merits of the counterclaim is without prejudice to the defendant.

INTEREST — ACTION FOR MONEY PAID. — Where a note bearing interest at ten per cent is paid by an accommodation indorser by giving his own note in lieu thereof, it is error to allow a continuance of ten per cent on the principal of such note in favor of the indorser in an action against the maker for money paid to his use; but he can only recover legal interest on the whole amount of principal and interest due on the note at the date of its payment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The note alleged to have been paid by the plaintiff for the use of the defendant was a note for four thousand five hundred dollars, payable April 11, 1879, by the defendant, as maker, to the order of the plaintiff, with interest at the rate of ten per cent per annum. The court found that the counterclaim pleaded by the defendant was not proper matter of offset, because the same had been adjudicated by the court in a separate action brought by

the defendant against C. M. Hitchcock. Further facts are stated in the opinion of the court.

*William H. Fifield,* and *Wilson & Wilson,* for Appellant.

There was no evidence to sustain the finding that the counterclaim of defendant had been adjudicated in a separate action, and defendant was entitled to be allowed the amount thereof. (*Waterman* v. *Morrill,* 72 Cal. 48; *Lindsay* v. *Stewart,* 72 Cal. 540; *Craig* v. *Smith,* 15 Pac. Rep. 337.) The indorser, having paid without legal liability, is a volunteer, and cannot recover. (*Machado* v. *Fernandez,* 74 Cal. 363; *Curtis* v. *Parks,* 55 Cal. 106; *Logan* v. *Talbot,* 59 Cal. 652; *Hollensbee* v. *Ritchey,* 49 Ind. 263; *Cook* v. *Hoffman,* 5 Lea, 105; *Sleigh* v. *Sleigh,* 5 Ex. 514.) Money must have been paid, to sustain the action. (*Pitzer* v. *Harmon,* 8 Blackf. 112, 113; *Romire* v. *Romire,* 59 Ind. 351; *Wakeman* v. *Vanderbilt,* 3 Cal. 380; *Burton* v. *Slaughter,* 26 Gratt. 914–920; *Estate of Hill,* 67 Cal. 243, 244; Civ. Code, sec. 1478.) A note is not payment of a debt, without express contract to that effect. (*Clark* v. *Mundal,* 1 Salk. 124; *Ward* v. *Evans,* 2 Ld. Raym. 928; *Griffith* v. *Grogan,* 12 Cal. 317; *Brown* v. *Olmstead,* 50 Cal. 162; *Smith* v. *Owens,* 21 Cal. 11; *Welch* v. *Allington,* 23 Cal. 323; *Swain* v. *Frazier,* 35 N. J. Eq. 331; *McIntyre* v. *Kennedy,* 29 Pa. St. 448; *In re Hurst,* 1 Flip. 465; *Doebling* v. *Loos,* 45 Mo. 151; *Tobey* v. *Barber,* 5 Johns. 168.)

*Henry N. Clement,* for Respondents.

The court may take judicial notice of its own proceedings. (Code Civ. Proc., sec. 1875.) It is optional with the indorser who takes up a note, either to sue on the note or for the money paid upon it. (*Burton* v. *Stewart,* 62 Barb. 199; *Babcock* v. *Blanchard,* 86 Ill. 165; *Ellsworth* v. *Brewer,* 11 Pick. 320; *Fowler* v. *Strickland,* 107 Mass. 552.) If the obligation is entirely extinguished by payment, he

must sue for money paid to his use. (2 Daniel on Negotiable Instruments, sec. 1237; 2 Parsons on Notes and Bills, 218, note *k; Butler* v. *Wright*, 20 Johns. 368; *Pace* v. *Robertson*, 65 N. C. 550; *Kendrick* v. *Forney*, 22 Gratt. 750.) A surety who gives his own note in satisfaction for the debt, which the creditor receives as payment, may sue the principal before paying the note given by him. (Brandt on Suretyship, sec. 181; *Barclay* v. *Gooch*, 2 Esp. 571; *Witherby* v. *Mann*, 11 Johns. 518; *McClellan* v. *Croft*, 6 Greenl. 307; *Douglass* v. *Moody*, 9 Mass. 553; *Cornwall* v. *Gould*, 4 Pick. 444; *Dole* v. *Hayden*, 1 Greenl. 152; *Craig* v. *Craig*, 5 Rawle, 98; *Laphan* v. *Barnes*, 2 Vt. 213; *Hulett* v. *Soullard*, 26 Vt. 298; *Elwood* v. *Deifendorf*, 5 Barb. 410; *Conkling* v. *King*, 10 Barb. 372; 10 N. Y. 440; *Lee* v. *Clark*, 1 Hill, 58; *Doolittle* v. *Dwight*, 2 Met. 564.) When a note is satisfied by a surety giving his own negotiable note, which is received as payment, it will amount to payment. (*White* v. *Carlton*, 52 Ind. 571; *Alford* v. *Baker*, 53 Ind. 279; *Hill* v. *Sleeper*, 58 Ind. 221; *Bristol Manufacturing Company* v. *Probasco*, 64 Ind. 406; *Smith* v. *Bettger*, 68 Ind. 254; *Tynes* v. *Stoops*, 11 Ind. 22; *Stevens* v. *Anderson*, 30 Ind. 391; *Maxwell* v. *Day*, 45 Ind. 509; *White* v. *Miller*, 47 Ind. 385; *Hill* v. *Sloan*, 59 Ind. 181; *Schneider* v. *Kolthoff*, 59 Ind. 568; *Weston* v. *Wiley*, 78 Ind. 54; *Smith* v. *Bettger*, 68 Ind. 254; Brandt on Suretyship, sec. 181.) The surrender of the old note is *prima facie* evidence of its payment. (Code Civ. Proc., sec. 1963, subd. 9; *Smith* v. *Harper*, 5 Cal. 330, cited and approved in 5 Neb. 437; *Brown* v. *Dunckel*, 46 Mich. 20; 2 Greenl. Ev., secs. 520, 521, 527.) The mere possession of the note by Dr. Hitchcock is sufficient evidence of payment, and ground of recovery. (2 Daniel on Negotiable Instruments, 3d ed., sec. 1229, note 4; also sec. 1200.) The payment of a debt is not necessarily a payment of money; but that is a payment which the parties contract shall be accepted as payment. (2 Daniel on Negotiable Instru-

ments, 2d ed., 232; *Huffman* v. *Walker*, 26 Gratt. 315; *Sheehy* v. *Mandeville*, 6 Cranch, 264.) Any party to a bill or note may pay it; and an indorser who has been discharged by failure of notice may still sue a prior indorser or other parties who were not discharged, because, although not compelled to pay it, he acquires the right of the holder from whom he took the instrument, or is remitted to his own right as indorsee. (*Ellsworth* v. *Brewer*, 11 Pick. 316; 2 Daniel on Negotiable Instruments, sec. 1223.) The demand of payment and notice of non-payment are for the benefit of the indorser, not the maker. (*Burgh* v. *Legge*, 5 Mees. & W. 418; 2 Daniel on Negotiable Instruments, secs. 1090, 1147; *Ross* v. *Hurd*, 71 N. Y. 14; *Jones* v. *Nicholl*, 82 Cal. 32.) The maker of a promissory note cannot claim a release from his obligation to pay it because the indorser was not notified of its dishonor. (See *Coddington* v. *Davis*, 3 Denio, 16; affirmed 1 N. Y. 186; *Conkling* v. *Davis*, 10 N. Y. 446; *Leffingwell* v. *White*, 1 Johns. Cas. 99; *Whiting* v. *Western Stage Company*, 20 Iowa, 561.) If the indorser actually received the notice in due season, the mere manner of its transmission is immaterial. (2 Daniel on Negotiable Instruments, sec. 1003; *Hyslop* v. *Jones*, 3 McLean, 69; *Dickens* v. *Hall*, 87 Pa. St. 379; *First National Bank* v. *Wood*, 51 Vt. 471; 1 Parsons on Notes and Bills, 493, 494; Byles on Bills, 272; *Shelton* v. *Braithwaite*, 8 Mees. & W. 252; *Eastern Bank* v. *Brown*, 17 Me. 356.) The payment of the principal's debt by the surety is never a voluntary payment, so long as the debt can in any manner be enforced against the principal. (Brandt on Suretyship, sec. 196, and authorities there cited; see also sec. 257.) A surety who, without notice of the failure of consideration of a note, pays it after it is due, may, notwithstanding such failure of consideration, recover indemnity from the principal. (*Gasquet* v. *Oakey*, 19 La. 76.) A surety may, without compulsion, pay a debt when due, and immediately sue

his co-surety for contribution without demand or notice. (*Judah* v. *Milure*, 5 Blackf. 171; *Bradley* v. *Burwell*, 3 Denio, 61; *Staleworth* v. *Preslar*, 34 Ala. 505; *Pitt* v. *Purssard*, 8 Mees. & W. 538; *Lucas* v. *Guy*, 2 Bail. 403; *Linn* v. *McClelland*, 4 Dev. & B. 455.)    An irregular indorser of a promissory note who waives his legal rights, refuses to plead the statutes of frauds, and performs his moral obligation by paying the note, can recover the same from the maker.    The maker cannot set up the statute of frauds.    It is the irregular indorser alone who can avail himself of the plea.    (*Slack* v. *Kirk*, 67 Pa. St. 380; *Barto* v. *Schenck*, 28 Pa. St. 447; *Schaffer* v. *Bank*, 59 Pa. St. 144; *Jack* v. *Morrison*, 48 Pa. St. 113.)

PATERSON, J. — This action was brought to recover from defendant the sum of $6,136.50, with interest thereon from March 28, 1883.    It is alleged, in the amended complaint, that C. M. Hitchcock, plaintiff's testator, indorsed a promissory note, made by defendant, payable to said Hitchcock, for the sum of four thousand five hundred dollars, solely for the accommodation of defendant; that defendant assigned the note to the London and San Francisco Bank, Limited, and received therefor the sum of four thousand five hundred dollars; that defendant paid, on account of the interest due thereon, the sum of $231.25, but never paid any portion of the principal; that the note was duly protested, and notice thereof given to the indorser; that Hitchcock paid the sums of $6,132.50, the amount due on the note, and four dollars, costs of protest, to the bank, on March 28, 1883; and that defendant has never reimbursed him for any part thereof.    The defendant denied that the note was indorsed for his accommodation in any greater sum than $3,631.28, the balance of said note being for money he had paid out for the use and benefit of said Hitchcock at his special instance and request; denied that the four-

thousand-five-hundred-dollar note was protested, or no-
tice of dishonor given; and denied that plaintiff had
ever paid the same, or any part thereof. By way of
counterclaim, defendant alleged that plaintiff was in-
debted to him in the sum of four thousand dollars for
services as attorney and counselor, performed at his spe-
cial instance and request.

The court found that the note was made and assigned
as alleged; that $231.25 only had been paid on account
of interest, and nothing on account of the principal;
and that the offset to the note, and the counterclaim set
up by defendant, had both been adjudicated against de-
fendant in a former action. The court found certain
facts, — which will be noted further along, — showing
demand, refusal to pay, protest, and notice thereof to
Hitchcock, and payment by him to the bank. The
court found also that Hitchcock paid the defendant's
note by giving his own note for the sum due thereon,
including cost of protest, and that it was accepted and
received by the bank, and an entry made in its books to
the effect that the note had been paid. At the time of
the trial, the note thus given by Hitchcock had not been
paid; and appellant claims that, there having been no
payment in money, an action for money paid out cannot
be maintained.

The payment of money is not necessary to the ex-
tinguishment of an obligation. A debt may be paid
by the giving of a note, if it be offered and accepted as
payment. ( *Weston* v. *Wiley,* 78 Ind. 54; 2 Daniel on
Negotiable Instruments, 232.) The evidence shows very
clearly that the Hitchcock note was offered by him and
received by the bank upon the express understanding
that it was a payment in full of the McElrath note.

Appellant claims that, in paying the four-thousand-five
hundred-dollar note, Hitchcock was a mere volunteer,
not having been duly "fixed" as an indorser by proper
demand, protest, and notice of dishonor. As stated by
him, "the question for the court to determine is pre-

cisely the same as if the same question arose upon an
attempt by the bank to hold Hitchcock upon his indorse-
ment." An indorser may be made liable either by show-
ing demand, non-payment, and notice of dishonor, or
by showing that, while the amount due on the note was
an existing debt enforceable against the maker, the in-
dorser by his acts waived any want of or defect in de-
mand, protest, and notice, and promised to pay the note.
The record shows the proper demand and protest for
non-payment, and we think the notice sufficient to "fix"
Hitchcock as an indorser. The notice of protest directed
to Hitchcock was sent by the notary in due time, and
reached Mrs. Hitchcock at the residence of the family
the next day. The notice was brought into court by the
plaintiff, and identified by the notary as the notice sent
by him ·on the day demand was made. The fact that
Mr. Coit and the mail clerk took the letter from the
mail-bag in violation of a regulation of the postal de-
partment, if such be the fact, is immaterial. It is suffi-
cient that the notice reached its destination and served
its purpose. Mrs. Hitchcock received it on Saturday
evening, and on the following Monday visited the de-
fendant, who promised then, and on several occasions
afterwards, to pay the note. The officers of the bank
acted with due diligence and care. They were told by
Mr. Coit that Mrs. Hitchcock actually attended to the
doctor's business, and had his power of attorney. The
notice was actually delivered to "a person of discretion,
[Mrs. H.] at the place of residence or business of such
party [Hitchcock], apparently acting for him." This was
sufficient. (Civ. Code, sec. 3144; *Kellogg* v. *Pacific Box
Factory*, 57 Cal. 327; *McFarland* v. *Pico*, 8 Cal. 626; *Thomp-
son* v. *Williams*, 14 Cal. 160; *Pierce* v. *Schaden*, 55 Cal. 406;
2 Daniel on Negotiable Instruments, secs. 872, 1003.) But
as there was no post-office communication between San
Francisco and Hitchcock's place of residence, and as
Hitchcock, with knowledge of the fact, by his acts and

his promise to pay, waived any defect in the notice, his liability became fixed, and the bank could have recovered the amount of the note in an action against him. (Civ. Code, sec. 3155; *Keyes* v. *Fenstermaker*, 24 Cal. 333; *Curtis* v. *Sprague*, 51 Cal. 239.)

Appellant admits that an indorser may waive his own rights so as to make himself liable to the holder, but claims that if he be once discharged from liability by reason of the failure of the holder to give proper notice of dishonor, he cannot thereafter by any admission or promise prejudice the rights of the maker; and if he pay the note he does so as a stranger, and must be regarded as a volunteer.

This contention is based upon an erroneous theory of the use and purpose of notice of non-payment of a negotiable instrument. An indorser's undertaking is not an absolute one. It is conditional; and notice of dishonor is provided for his benefit. It is intended to protect him from loss which may occur by reason of delay in making demand of payment of the maker, or which he may sustain by having no notice of the fact that his principal has failed or refused to pay. When he waives this right to notice, he does not create a new liability which requires a new consideration, like the waiver of absolute and strict conditions precedent in contracts as they are construed at common law. He has the right to either affirm or disaffirm his liability, and with the exercise of the right thus provided for his benefit and left to his discretion no one can complain. (*Burgh* v. *Legge*, 5 Mees. & W. 418; 2 Daniel on Negotiable Instruments, sec. 1147.)

The finding of the court that the defendant's claim of offset and counterclaim had been adjudicated in a former action prior to the trial of this action is not supported by the evidence. The court could not dispense with formal proof of its judgment in another action, and take judicial notice of the fact that the affirmative matters

set out in defendant's counterclaim and offset had been therein adjudicated. As no evidence was offered, however, by defendant, in support of his claim of offset or counterclaim, the failure of the court to find on the merits of the issue thus raised was without prejudice to appellant, and the finding that was made was immaterial. The court allowed ten per cent interest on $4,500 of the $6,136.50—amount of the note given by Hitchcock to the bank—from March 28, 1883,—date of said note,—and interest on the residue at the rate of seven per cent. This was error. Plaintiff is entitled to recover the amount paid on the Hitchcock note, with interest thereon at seven per cent only. (*Waldrip* v. *Black*, 74 Cal. 409.) The judgment of the superior court as to the difference between seven and ten per cent is reversed, and the cause is remanded, with directions to the superior court to modify the judgment by computing interest on the principal sum of $6,136.50 at seven per cent per annum from March 28, 1883, up to the date said judgment was entered. As so modified, the judgment will stand affirmed, the appellant to be allowed the costs of this appeal.

Fox, J., SHARPSTEIN, J., McFARLAND, J., and THORNTON, J., concurred.

Rehearing denied.