[Civ. No. 5673. First Appellate District, Division Two.—March 2, 1927.

FASHION HAT FRAME COMPANY (a Corporation), Respondent, v. LEAH RINGEL et al., Defendants; SAMUEL MALNICK, Appellant.

[1] PROMISSORY NOTES — INDORSEMENT — DEMAND — NOTICE OF DIS-
HONOR—EVIDENCE—FINDINGS.—In this action against the indorser on a promissory note, the evidence was sufficient to sustain the finding of the trial court that, subsequent to demand upon the maker and notice of dishonor, defendant, with full knowledge of failure to make due presentment and notice, promised to pay all moneys due.

[2] ID. — FAILURE OF PRESENTATION — KNOWLEDGE OF INDORSER — WAIVER.—A promise by the indorser of a promissory note to pay after knowledge of the failure of presentation is a waiver of demand and notice.

[3] ID.—NOTICE OF DISHONOR—OBLIGATION OF INDORSER—WAIVER.—Notice of dishonor being provided for the benefit of the indorser, his subsequent promise to pay is to be treated as a waiver of the right to notice and an affirmance of his original obligation.

(1) 8 C. J., p. 1056, n. 82.    (2) 8 C. J., p. 709, n. 12.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank E. Powers for Appellant.

Harry K. Wolff and D. K. Seibert for Respondent.

NOURSE, J.—Plaintiff sued on a promissory note for one thousand dollars executed by defendant Ringel, made payable to Sam Malnick, and indorsed by him and by the

2. Implied waiver of presentment and notice of indorser before maturity, notes, 33 L. R. A. (N. S.) 639; L. R. A. 1916B, 944.

3. What excuses demand and notice of dishonor, note, 1 Am. Dec. 99. See, also, 19 Cal. Jur. 915; 3 R. C. L. 1240. Waiver of demand and notice of dishonor by promise to pay made after maturity, note, 8 Am. Dec. 359. See, also, 3 R. C. L. 1242.

other defendant. Plaintiff had judgment for the amount prayed for, together with interest and attorney's fees, and the defendant Sam Malnick has alone appealed on a bill of exceptions.

The note was assigned to Joseph Malnick by Sam Malnick for money advanced by the former to the latter for the benefit of defendant Ringel. It was presented to Joseph Malnick by Sam Malnick fully executed by Ringel and indorsed by defendant Semon and by Sam Malnick. Subsequent to the maturity of said note it was assigned and delivered for a valuable consideration by Joseph Malnick to the plaintiff.

The appellant specifies two particulars in which he claims that the evidence was insufficient to support the judgment—because it does not show that the note was presented to Ringel on the day it became due, and because it shows failure to give the appellant notice of dishonor as required by law. Respondent insists that the judgment must be affirmed because this appellant waived demand and notice. This issue was raised by amendment to the complaint and the trial court found that, subsequent to the demand upon the maker and subsequent to the notice to appellant of the dishonor, the appellant, with full knowledge of the circumstances, promised to pay all moneys due under the note and requested a short extension of time for that purpose.

[1] This finding is not attacked in the bill and, though appellant states in his brief that it is not supported by the evidence, the record does not support appellant's claim. It appears that numerous demands were made upon the appellant subsequent to the maturity of the note and that on each occasion he promised that he and the maker would pay or that he alone would pay and asked time to arrange for the payment. With the evidence appearing in the record and the inferences which the trial court could draw therefrom we are satisfied that the finding of waiver cannot be successfully attacked.

[2] This being so, the case comes within the rule that a promise by the indorser to pay after knowledge of the failure of presentation is a waiver of demand and notice. (*Oxnard* v. *Varnum*, 111 Pa. 193 [56 Am. Rep. 255, 259, 2 Atl. 224].) [3] Notice of dishonor being provided for

the benefit of the indorser, his subsequent promise to pay is to be treated as a waiver of the right to notice and an affirmance of his original obligation. (Sec. 3163, Civ. Code; *Stanley* v. *McElrath,* 86 Cal. 449, 457 [10 L. R. A. 545, 25 Pac. 16, 26 Pac. 800]; *Curtis* v. *Sprague,* 51 Cal. 239, 240.)

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 31, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1927.