[Civ. No. 10235.   First Appellate District, Division Two.—March 24, 1937.]

ELIAS VIGEN et al., Appellants, v. CASTLE BUILDING CO. (a Corporation) et al., Respondents.

Sol Silverman and George Olshausen for Appellants.

B. E. Kragen and Adrian A. Kragen for Respondents.

NOURSE, P. J.—In an action upon a promissory note against the makers and endorsers judgment went for the endorsers.

The defendants Lee and Gensler operated under the name of the Castle Building Co. in the purchase and sale of real property. Prior to the execution of the note in suit, they purchased from the plaintiffs certain real property for which they gave them in part payment five promissory notes held by them and endorsed to plaintiffs. One of these defaulted, and these defendants substituted for it the note in suit. This was done under the agreement of the parties reserving to the defendants the right to substitute a second deed of trust and note ''conforming to the same requirements as the note'' and deed in default ''in order to enable them to protect themselves against the default of others or to refinance the property''. The note thus substituted, and which is the subject of this action, was made by Charles Thorpe and wife and was indorsed, with recourse, by the three other defendants. It

was secured by a deed of trust, and was given in part payment for property sold the Thorpes by these defendants. It was made payable in San Francisco, and, after delivery to the plaintiffs, it was placed for collection in the Seventh and Irving Street branch of the American Trust Company, where the Thorpes made regular monthly payments from August 4, 1929, to April 4, 1932. In June, 1932, the plaintiffs first learned that the Thorpes were in default, and they then called upon the defendants who, with full knowledge of the default, of the disappearance of the Thorpes, and of the failure of plaintiffs to make demand and presentment, expressly and unconditionally promised to take care of the obligation by the substitution of one or more secured notes for the note in suit. They also requested the plaintiffs to give them time to contact the makers and to aid them in finding their address. These delays continued over several weeks at the request of these defendants, and, in the meantime, several other notes were offered to the plaintiffs, one of which was already in default and the others were secured by property of little or no value. Finally, the defendants informed plaintiffs that they had run out of notes and mortgages and could not make any substitution. The foregoing facts are all shown by uncontradicted evidence or were stipulated to during the trial.

The defendants relied on the defense of failure of demand and presentment. They offered no evidence contradicting plaintiffs' proof of their express promise to substitute other satisfactory notes, and made no contest of plaintiffs' assertion that none of those offered was sufficient or satisfactory. The trial court failed to find on this issue, but found, as a conclusion of law, that the defendants did not waive presentment. This was error. A finding should have been made in accordance with the undisputed evidence that, with full knowledge of the default and failure of presentation, the defendants promised to substitute another good and sufficient note for the one in default, and this finding should have been followed by the conclusion of law that the defendants thereby waived demand and notice.

The note in suit was given as a conditional payment of the defendants' primary obligation, the condition being that if the makers of the note should fail to keep up their payments, the defendants should have the option of substituting another

note or notes "conforming to the same requirements" in order "to enable them to protect themselves against the defaults". These substituted notes should then constitute payment of the original obligation provided they conformed to the requirements of the other note. Thus, by the terms of their contract, the endorsers were permitted to meet their obligation as endorsers either by payment in cash or by means of other notes conforming to the requirements of the one in default.

A promise to pay in cash with full knowledge of the default and failure of presentation would have been a waiver of demand and notice. (*Fashion Hat Frame Co.* v. *Ringel,* 81 Cal. App. 556 [254 Pac. 275]; 19 Cal. Jur. 915; 3 R. C. L. 1240.) When the endorser has the option of substituting other collateral or paying in cash, his promise to substitute takes on the same aspects as a promise to pay in cash, and the same result should follow—i. e., a waiver of demand and notice.

It should be said that this was a ten-year note, payable in monthly instalments with the option to the holder to declare the whole principal sum due if any instalment should be unpaid within thirty days after it became due. The record is not clear as to when the plaintiffs claimed default, but it is clear that they approached the defendants both before and after the time when demand should have been made upon the makers, and that the promises of the defendants to take care of the obligation were made both before and after the time for presentment. The promises and assurances of the defendants thus led the plaintiffs into a sense of security and led them to believe that the endorsers would not insist upon presentment. They are thus estopped from denying in this action that they waived demand and notice. (Sec. 1962, subd. 3, Code Civ. Proc.)

The findings of fact are amended by adding thereto the following: "That, with full knowledge of the default of the makers and of the failure of presentment, the endorsers upon said note, promised to substitute another good and sufficient note for the said note, but failed and refused to do so; and that said endorsers led the plaintiffs to believe that presentment would be unnecessary and would be waived by them." The conclusions of law are amended by striking out all thereof and by inserting in lieu thereof the following: "That

defendants Castle Building Co., R. C. Lee and G. J. Gensler all waived presentment of said promissory note to defendants Charles Thorpe and Leona Emily Thorpe. That plaintiffs are entitled to judgment against all defendants in the sum of three thousand five hundred and thirty-five and 93/100 ($3,535.93) dollars, together with interest at one per cent per month from April 4, 1932, and costs of suit. Let judgment be entered accordingly.''

The judgment is reversed with directions to enter judgment for plaintiffs as herein stated.

Sturtevant, J., and Spence, J., concurred.