[Civ. No. 5379.   Fourth Dist.   Mar. 18, 1957.]

WILLIAM J. MOORE, JR., Appellant, v. TRINITY OIL AND GAS COMPANY (a Corporation) et al., Defendants; WALTER DE COURCY, Respondent.

Kendall & Howell for Appellant.

DiGiorgio & Davis and Thomas R. Davis for Respondent.

BARNARD, P. J.—This is an action on two promissory notes.  Each note was executed by the Trinity Oil and Gas Company, was dated June 5, 1954, and was payable 90 days after date.  Each note was for $5,000 and was payable to

Walter de Courcy. Each note was endorsed "Pay to William J. Moore Jr or his order. Walter de Courcy." Among other things, the complaint alleged, as to each note, that at the time said note matured and subsequent thereto it was presented to Trinity Oil and Gas Company; that Trinity failed to pay said note; that notice of dishonor was given to Walter de Courcy; and that "following receipt of notice of dishonor defendant Walter de Courcy promised plaintiff that he would pay said note." The answer of de Courcy alleged, among other things, that he had transferred these notes to the plaintiff in connection with a deal in which $4,000 was to be paid to the plaintiff out of a certain escrow; that he was to pay the notes only if this amount was not paid from the escrow; that payment from the escrow within a short time appeared probable; and that the plaintiff should be estopped from prosecuting this action until it is determined whether or not the plaintiff will receive said $4,000 from the escrow. The prayer was that the plaintiff take nothing and that he be required to deposit the notes in court awaiting the results from the escrow.

Neither of the defendants appeared at the trial although they were represented by counsel. The defense presented was based upon the failure of the plaintiff to present the notes for payment to Trinity on the due date, and the failure to give timely notice of dishonor to de Courcy. The note was due on September 3, 1954. The plaintiff testified that he presented the notes for payment at the office of Trinity on September 7; that no one was there; that thereafter he made many calls at the Trinity office but found no one there; that about the middle of October he saw the vice president of Trinity who told him that Trinity did not have the money to pay the notes; that during this period he had made efforts to contact de Courcy without success; that on November 15, 1954, he sent a telegram and letter to de Courcy; and that after receiving this letter and telegram de Courcy called him by phone and promised to pay the notes, saying "I'll have the money for you in a few days." The letter thus referred to was received in evidence. In this letter the plaintiff stated that at the time he gave the money to de Courcy he had told him that he would have to reassign the notes to someone as he needed the money; that he had had to pick up the notes and pay off the obligation to one Wakely; and that he must have the money or bring suit. The plaintiff testified that he had assigned the notes to Wakely but before doing so he had told de Courcy about the terms of the assignment; that de Courcy

had agreed to this; and that he had paid the obligation to Wakely and taken back the notes.

In addition to the general findings as to the execution and endorsement of the notes the court found, with respect to each of the notes, that it was payable on September 3, 1954; that "no presentation for payment was made on said day"; and that said failure of presentment was not excused. It also found with respect to each note that it was presented for payment subsequent to its maturity, that "due notice of dishonor" was not given, and that said failure to give notice was not excused. As conclusions of law "from the foregoing facts" it was found that the plaintiff should have judgment against the Trinity Oil and Gas Company, and that he should take nothing against de Courcy. Judgment was entered accordingly, and the plaintiff has appealed from that part of the judgment which denies him relief as against de Courcy.

■ Under the statutes an endorser is not liable unless presentment is made and notice of dishonor given to him, as required by the statutes (Civ. Code, § 3151 et seq.). The statutes further provide that a delay in making presentment for payment is excused when it is caused by circumstances beyond the control of the holder, and that notice of dishonor may be expressed in any terms indicating a dishonor by nonpayment. ■ Moreover, a failure to make a timely presentation or give a timely notice of dishonor may be waived by the endorser. (Civ. Code, § 3190; *Fashion Hat Frame Co.* v. *Ringel*, 81 Cal.App. 556 [254 P. 275]; *Curtis* v. *Sprague*, 51 Cal. 239.) In the first of these cases it was held that a promise by the endorser to pay after knowledge of the failure of presentation is a waiver of demand and notice. In the second of these cases, it was held that a statement made to the payee after the maturity of the note that "I am responsible for that note" amounted to a promise to pay the note, and that the evidence sufficiently showed that the endorser had knowledge of the laches of the holder. The appellant here contends that the evidence was not sufficient to support a finding that a timely presentation of these notes and timely notice of dishonor were not made and given, since he was unable to find anyone at the office of the Trinity company and was unable to find de Courcy at his residence or elsewhere; and that the evidence was sufficient to establish a waiver of the requirements for presentation and notice of dishonor because of the promise to pay made after maturity.

■ While a waiver was not alleged in the complaint by

the use of that word, a waiver was sufficiently alleged in that it was alleged that after he had received notice of dishonor de Courcy promised to pay the notes, and a large part of appellant's testimony was directed to that issue. This issue was sufficiently presented by the pleadings; the evidence, with the inferences which could reasonably be drawn therefrom, was sufficient to have supported a finding of such waiver; and the court erred in failing to make a finding on that issue. (*Vigen* v. *Castle Building Co.*, 19 Cal.App.2d 704 [65 P.2d 1340].) The undisputed evidence which was received without objection shows that the endorser promised to pay these notes with full knowledge that they were long overdue and had not been paid, and when he knew he had received no notice of dishonor within the time required by the statutes. He is presumed to know the law, and the fact that he received a notice of dishonor 74 days after the due date of the notes would justify the inference that he knew that the law had not been complied with and that the notes had not been presented for payment on the date they were due. In any event, a question of fact was presented on this issue and the court should have weighed the evidence as it affected that issue and made a finding thereon. The court erred in basing its conclusion and judgment solely on the endorser's failure to comply with the statutory requirements, or to bring himself within the statutes excusing such compliance, without finding on the further issue of waiver by reason of the endorser's subsequent promise to pay. While it clearly appears that the requirements of the statutes, with respect to when presentation should be made and notice of dishonor given, were not complied with it does not clearly appear that this endorser was, under established law, entitled to a discharge from this obligation. The respondent relied on a strict application of the statutes even to the extent that he did not appear at the trial. The cause should be retried with proper consideration given to the matter of waiver by subsequent promise of payment, and a finding made on that issue.

The judgment is reversed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied April 11, 1957, and respondent's petition for a hearing by the Supreme Court was denied May 15, 1957. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.