[S. F. No. 912.    Department Two.—July 18, 1899.]

## THOMAS GRAVES, Respondent, v. J. R. HEBBRON, Appellant.

ACTION TO QUIET TITLE—BOUNDARY BETWEEN SECTIONS—FORMER JUDGMENT IN EJECTMENT.—In an action to quiet title brought by a patentee of a quarter-section of land against a patentee of adjoining land in another section, involving the location of the boundary line of the government survey between the sections, a former judgment in an action of ejectment brought by the defendant against the plaintiff, settling the location of the same boundary line in favor of the defendant, is admissible against the plaintiff as a former adjudication of the subject matter, though at the time of the trial and judgment the plaintiff was not a patentee of the quarter-section, but held a pre-emption receipt therefor.

ID.—EFFECT OF PRE-EMPTION RECEIPT—BOUNDARIES NOT AFFECTED BY PATENT.—One holding a quarter-section of surveyed government land, under a final pre-emption receipt entitling him to a patent therefor, acquires no new or greater right by his patent describing the same land described in the receipt, so far as the boundaries of his land are concerned. His final receipt is *prima facie* evidence of ownership, and is a "certificate of purchase," within the meaning of section 1925 of the Code of Civil Procedure.

ID.—CERTAINTY OF FORMER JUDGMENT—EXTRINSIC EVIDENCE.—In order to the operation of the former judgment as an estoppel, it must appear either upon the face of the record or be shown by extrinsic evidence that the precise question involved was raised and determined in the former action; and where there is uncertainty in the record of the former action of ejectment, extrinsic evidence is admissible to show that the boundary lines involved in the present action were in fact fixed and determined in the former action.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion.

H. V. Morehouse, and F. J. Hambly, for Appellants.

Renison & Jones, A. S. Kittredge, and W. A. Kearney, for Respondent.

CHIPMAN, C.—Action to quiet title to a certain tract of land situated in Monterey county. Plaintiff had judgment. Defendant appeals from the order denying his motion for a new trial. The land in question is a piece of about thirteen acres which defendant claims lies in the northwest quarter of the northwest quarter of section 29, township 15, south, range 6 east, but which plaintiff contends is part of the northeast quarter of section 30 of that township. Plaintiff describes in his complaint the particular tract by metes and bounds. Defendant denied plaintiff's title and alleged title in himself. Defendant, by way of separate answer, avers that he commenced an action December 31, 1884 (entitled *Hebbron v. Graves*) against plaintiff in this action "for the recovery of the possession, claiming to be the owner thereof and seised in fee and entitled to possession of the following described land"; then follows the description of certain land lying in sections 19, 20, and 29 of said township, as to which defendant avers that the title was then involved, and also that the location of the line dividing sections 19 and 20 and sections 29 and 30, running north and south, and the location of the corner common to sections 19, 20, 29, and 30 were involved and litigated; and averring that it was admitted by Graves at the trial of said action of *Hebbron v. Graves*, that, if the boundary line between sections 19 and 20 and 29 and 30 was situated and located as claimed by Hebbron, then that Hebbron was entitled to judgment for the lands described in his complaint; that to entitle plaintiff in this action to recover "the said line running north and south between said sections 29 and 30 must be removed nearly eight chains further east than as located, fixed, and determined, adjudged and decreed by the judgment in the said suit of the said Hebbron against the said Graves, and the common corner to sections 19 and 20, 29 and 30 must be removed six and eighty-four one-hundredths chains east of where the same was located, fixed, determined, adjudged, and decreed in the said judgment of the said Hebbron against the said Graves, duly given and

made by the said superior court aforesaid"; that if the line and common corner referred to remain as determined in that action, then plaintiff in this action has no right, title, or interest in the premises sued for; averred that the defendant Graves appealed from the judgment and from the order denying new trial to the supreme court, where the judgment and order were affirmed.

Plaintiff introduced the patent of the United States, dated April 14, 1890, to the northeast quarter of section 30; a witness testified that the land in question is part of the northeast quarter of section 30. Plaintiff thereupon rested. Defendant showed title to the northwest quarter of the northwest quarter and the east half of the northwest quarter of section 29. It was stipulated that the transcript on appeal in *Hebbron v. Graves* might be offered and introduced in evidence for the same purposes and "to the same effect as the original record might be introduced, if the same were presented"; and the transcript in that case is set out in the transcript in this case. It contains the judgment-roll, statement of the case, the evidence at the first trial, the steps taken to appeal—in short, the entire record on appeal. Defendant offered the transcript, as counsel stated, for the purpose of showing that the parties were the same as here, and to show that the land involved was the same, and that the object was to settle the boundary lines between the lands of the parties, the location of the corner common to sections 19, 20, 29, and 30, and that counsel would follow up the offer by showing that the appeal was perfected and the judgment of the lower court affirmed, and that "the controversy here is precisely the same controversy as in that suit." Plaintiff objected to the judgment-roll on the ground of its immateriality, irrelevancy, and incompetency, and on the same ground objected to the admission of the statement of the case, part of the transcript; and it is now claimed by respondent that the statement is not properly part of this record, and cannot be considered because there was no distinct ruling upon both of his objections. Some discussion ensued upon the objection, in which the court took part, and counsel for plaintiff stated as follows: "Our principle objection is that it is apparent from the inspection of the record itself (the transcript) that the judgment-roll was made up and that judgment was entered long prior to the title which we are

now litigating." In ruling upon the matter the judge said, among other things: "I do not see that the judgment, as against the party not holding the title, can be availed of as against a subsequent patent from the United States government for the land. . . . . The party under his patent has to go upon the ground and ascertain the stakes, and determine where his boundaries are, and the only right to put in controversy the boundaries, the survey of the United States government, exists under the patent, and any prior litigation in which that question is put in controversy, if it is decided adversely to him as to the limits of his possession under the patent, I do not think can be asserted in a subsequent action, and the offer of the judgment-roll will be denied upon that ground." It is manifest from the colloquy which ensued upon the offer, between respective counsel and the court, and the remarks of the court when the ruling was made, that the point under discussion was as stated by plaintiff's counsel and quite fully discussed by the court from which the quotations above are taken. When the court ruled out the judgment-roll it practically ruled against the whole transcript. Having excluded the judgment-roll, the statement went with it. It, perhaps, would have been well for the defendant's counsel to ask a ruling also as to the statement, inasmuch as there was a separate objection to it; but we are unwilling, in view of the circumstances as they occurred, to hold that we cannot look to the statement here as part of the offer. It appeared in evidence that, prior to the action of *Hebbron v. Graves*, Graves held the northeast quarter of section 30 by an original homestead entry, which before commencement of the action, he had commuted to a pre-emption claim and had made final payment to the government and held a final pre-emption receipt entitling him to patent. At that time Hebbron had patent to the northwest quarter of the northwest quarter of section 29, and other lands.

In support of the ruling of the court respondent relies upon *Amesti v. Castro*, 49 Cal. 325, and refers also to *Caperton v. Schmidt*, 26 Cal. 479; 85 Am. Dec. 187. In the first of these cases the question arose between two claimants of contiguous Mexican grants, title to both of which was inchoate at the time the judgment pleaded in bar was entered. In that action the

executors of Castro sued in ejectment to recover from Amesti a parcel of land, to which both claimed title under their respective grants, and Castro recovered judgment.

Subsequently, a patent was issued to Amesti which included the land recovered in the former ejectment suit. Castro's grant was also confirmed, and the survey excluded from his rancho the premises recovered in the ejectment suit. The claimants, being dissatisfied with the survey, caused the same to be returned to the district court for revision under the act of Congress and it was approved and became final. Subsequently, the heirs of Amesti commenced an action in ejectment to recover from the defendants claiming under Castro the same lands which were formerly recovered by the executors of Castro. The only defense offered was the judgment in the former action as an estoppel, in support of which the judgment-roll was offered and was excluded by the trial court, and that ruling was affirmed here. An examination of the opinion will show that the court treated Amesti's title prior to confirmation as incipient under which the question of the boundaries of his land remained undetermined, and that the duty later on of definitely fixing the boundaries rested first with the Mexican government and later, by treaty, with the United States government; and that "it alone, or its properly constituted tribunals, could adjudicate his claim, fix his boundaries, and invest him with perfect title." In *Caperton v. Schmidt, supra,* the court said: "The estoppel of a verdict and judgment is necessarily limited to the rights of the parties as they exist at the time when such verdict and judgment are rendered, and cannot preclude either party from showing that their rights have been varied or extinguished at a subsequent period."

The case now here is altogether different from *Amesti v. Castro, supra.* When the parties acquired their rights the surveys had been made and the boundaries of the land had been determined by the government. Graves had a clear right to the northeast quarter of section 30, and could then go and find his land by the survey as already made, and he pre-empted the land according to this survey; and this was true as to Hebbron's title. So far as the boundaries of his land were concerned Graves acquired no new or greater right by his patent than he would

have had under his final receipt. His final receipt was *prima facie* evidence of ownership of the land and was a "certificate of purchase" within the meaning of section 1925 of the Code of Civil Procedure. (*Witcher v. Conklin,* 84 Cal. 499.) The land as then surveyed could not thereafter be sold by the government nor thrown open to pre-emption by another. (*Witcher v. Conklin, supra.*) His receipt entitled him to a patent by the same description as given in the receipt, and in fact the patent so describes the land. It was held in *Byers v. Neal,* 43 Cal. 210, where judgment for the possession of a quarter section of land was rendered against one after he had proved up and paid for his land, under the pre-emption laws of the United States, and subsequent to the rendition of the judgment had received a patent for it, that the judgment was conclusive and barred his rights in a subsequent action. It may be doubted whether the learned trial judge was correct as to the question of title if that alone had been litigated, for *Byers v. Neal, supra,* seems to hold otherwise; but upon this point it is not necessary to express an opinion. As to the question of boundary, however, we think the court was in error in holding that, although formerly litigated and decided against him when he held only a final receipt, the pre-emptor (plaintiff) could again litigate the same issue with the same party after he had obtained his patent. And so it may be said of the remarks quoted from *Caperton v. Schmidt, supra.* So far as the question of boundaries is involved here, the rights of the parties are precisely the same as when the question first arose. Their rights as they then existed have not been "varied or extinguished."

It is not claimed by respondent that there was error or fraud in the original survey, nor was it claimed by him that his patent called for any land different from that described in his final receipt, nor that the land claimed in this action was different from the land claimed in the former action. The subject matter of the action and the parties were admittedly the same, and it is now contended by appellant that the location of the line between sections 19 and 20 and the corner common to sections 19 20, 29, and 30 had to be determined in that action before the court could determine which of the parties owned the land in dispute. Manifestly, the trial court in this action so regarded

the matter, but as it held that the plaintiff was not precluded from maintaining the action, notwithstanding the former adjudication, because he had subsequently obtained a patent to his land, he held with entire consistency that the judgment-roll was immaterial and irrelevant. Indeed, any evidence tending to prove former adjudication would have been equally irrelevant if the position of the court had been correct. For like reason, the court refused to admit evidence of a witness called to prove that the land inclosed and occupied by defendant and now involved is the same land as that recovered under the former judgment as surveyed and located by the county surveyor who was a witness in the former action. While it is true, as contended by respondent, that this witness, under the statement of counsel for appellant that the evidence was offered solely to support his plea in bar, could not testify as to facts other than such as appeared at the former trial, we think the evidence offered was directed to the facts shown at that trial. The court ruled the evidence out, no doubt, because no matter what the facts then were the subsequent patent gave plaintiff a new cause of action. We think this conclusion of the court was erroneous and entitles appellant to a new trial, for it goes to the very essence of the case.

But it is urged that the judgment relied upon by defendant is uncertain, ambiguous, and indefinite, and cannot constitute an estoppel. (Citing *People v. Frank*, 28 Cal. 507; *Ferrea v. Chabot*, 63 Cal. 564.) In the latter of these cases it is said, quoting from *Russell v. Place*, 94 U. S. 606: "A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, the whole subject matter of the action will be at large and open to new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined."

We have carefully examined the pleadings and the judgment in the former action. It would occupy much space, we think

unnecessarily, to give the various descriptions there found. Suffice it to say that there is some uncertainty in the calls of the judgment. But looking to the pleadings in that action and the evidence found in the transcript and to the pleadings in this action, together with the offer at the trial to follow up the judgment with proof that in fact the boundary lines now involved were in the former action fixed and determined, we think the court erred in excluding the testimony. Defendant did not rely alone on the fact of the judgment, but he also relied upon the extrinsic evidence contained in the transcript and upon what he expected to show otherwise to establish the allegations of his answer. The evidence contained in the transcript in connection with the other extrinsic evidence offered was certainly admissible to show what appellant claimed was the fact; and, inasmuch as the ruling of the court not only excluded the transcript but would have excluded any and all evidence tending in the same direction, and was an erroneous ruling, we think a new trial is called for and should be granted. What may be the result of this evidence it is not our purpose to indicate.

It is advised that the order be reversed.

Britt, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.          Van Dyke, J., Garoutte, J., Harrison, J.