[L. A. No. 2995.   Department One.—November 30, 1912.]

## J. M. SEWELL, Respondent, v. MARY L. PRICE and W. R. PRICE, her Husband, and HANNAH CUSHING, Appellants.

CREDITOR'S BILL—PLAINTIFF MAY MAINTAIN ACTION BEFORE JUDGMENT BECOMES FINAL.—The general rule that until a judgment becomes final by affirmance on appeal or by lapse of the time within which an appeal might be taken, such judgment is not admissible in evidence and cannot be relied on as the foundation of rights declared in it, does not apply to an action in the nature of a creditor's bill, the purpose of which is to apply to the judgment creditor's demand property of the judgment debtor which was transferred by such debtor with intent to delay or defraud his creditors.

ID.—RIGHT OF CREDITOR TO ATTACK FRAUDULENT TRANSFER BY DEBTOR—CLAIM MUST BE REDUCED TO JUDGMENT.—Under section 3441 of the Civil Code, a creditor can avoid the act of his debtor for fraud only where the fraud obstructs the enforcement, by legal process, of his right to take the property affected by the transfer.   Consequently he is not in a position to attack a transfer for fraud unless he has a specific lien upon the property transferred or has reduced his claim against the debtor to judgment.

ID.—NATURE OF ACTION—RIGHT TO LEVY EXECUTION.—Such action by the judgment creditor is not, strictly speaking, an action upon his judgment.   It is really an action for equitable relief against the obstruction caused by a transfer which hinders him in satisfying his claim by the ordinary process of law, that is to say, by an execution, and if he has put himself in a position to levy execution, he has done everything necessary to enable him to attack the transfer which hinders his enjoyment of his right.

ID.—LEVY OF EXECUTION UNDER MONEY JUDGMENT—ABSENCE OF STAY-BOND.—The fact that the time for appeal has not expired does not prevent the issuance or levy of execution under a money judgment, nor is the right to have execution affected by the fact that an appeal is actually taken, unless an undertaking to stay execution

has been given. Consequently, in the absence of such undertaking, a plaintiff who has recovered judgment may maintain a creditor's bill, notwithstanding the fact that the time for an appeal has not expired, or an appeal has actually been taken and is pending.

ID.—FINDINGS—OMISSION TO FIND AS TO OWNERSHIP OF PORTION OF PROPERTY.—In such an action, where the complaint alleges a fraudulent transfer of an entire piece of land, and the court finds that only a half interest therein was fraudulently transferred, its failure to find upon the title or ownership of the other half interest is without prejudice to the defendants and is not ground for reversal.

ID.—FRAUDULENT INTENT QUESTION OF FACT—SUFFICIENT ALLEGATION AND FINDINGS.—In such an action, the question of fraudulent intent in the transfer is one of fact and not of law, and the fact must be alleged and found. An allegation and a finding that on a certain day the judgment debtor, "with the purpose of concealing his property and defrauding his creditors, and particularly the plaintiff herein, without consideration assigned" the property in question to a specified person, are sufficient.

ID.—TRANSFER OF PROPERTY NOT INVOLVED IN ACTION—FINDING OF FRAUDULENT INTENT NOT NECESSARY.—Where the complaint in such action seeks to set aside the transfer of certain specified properties, and alleges the transfer of other property by the judgment debtor solely for the purpose of showing that he did not have property, other than that involved in the action, out of which the plaintiff's execution might be satisfied, it was not necessary that the court should find that the latter transfer was fraudulent.

ID.—JUDICIAL NOTICE—RECORDS IN DIFFERENT ACTIONS.—Courts cannot in one case take judicial notice of their records in another and different case. The rule that they may take judicial notice of their own records is limited to proceedings in the same case.

ID.—REVERSAL OF JUDGMENT ON WHICH CREDITOR'S SUIT IS BASED.—On an appeal from a judgment in favor of the plaintiff in such creditor's suit, the supreme court cannot, in the absence of any showing in the record, take judicial notice of the fact that the judgment on which the action was founded had been reversed.

ID.—REFUSAL TO CONSIDER REVERSAL—EFFECT OF RIGHTS OF APPELLANTS.—The refusal of the supreme court on the appeal in the creditor's suit to consider the reversal of the judgment on which the action was founded, will not work an irreparable injury to the appellants, because (1), if such judgment has been reversed no execution can issue thereunder, and (2), if the judgment in the creditor's suit be affirmed, adequate relief may be had in an independent action in equity to restrain the plaintiff from taking advantage of the judgment.

HOMESTEAD — PROPERTY OWNED BY HUSBAND AND WIFE IN JOINT OR COMMON TENANCY.—A valid homestead may be selected or claimed

on land which is owned in joint or common tenancy by a husband and wife.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

John E. Daly, for Appellants.

F. A. Knight, J. V. Hannon, and W. J. Variel, for Respondent.

SLOSS, J.—This action was brought to set aside certain conveyances and transfers of real and personal property claimed to have been made by the defendant W. R. Price to Mary L. Price, his wife, for the purpose of defrauding his creditors.   From a judgment in favor of plaintiff defendants appeal on the judgment-roll alone.

The complaint was in four counts, each applying to a different item of property.   Common to all four counts are the allegations that the defendants W. R. and Mary L. Price are husband and wife; that on November 4, 1909, a judgment was duly rendered and entered in the superior court of Los Angeles County in favor of the plaintiff and against the defendant W. R. Price for $7,728.18, and costs amounting to $101.70; that said judgment is still in full force and effect and entirely unpaid except to the extent of $5.55, realized by the levy of an execution issued upon said judgment against the property of W. R. Price and returned by the sheriff unsatisfied except in said sum of $5.55.   It is alleged that W. R. Price has no property, other than set out in the complaint, out of which plaintiff's execution could be satisfied, with the exception of one thousand four hundred shares of the stock of the "Building Association of the Society of the New or Practical Psychology," standing in the name of one Clinton Johnson; that this stock, as plaintiff alleges on information and belief, was put in Johnson's name for the purpose of defrauding creditors of said defendant W. R. Price, and that unless the property described in the respective counts of the complaint can be applied to the payment of the judgment the same must remain unpaid.

In addition, the first count alleges that "after perpetrating the fraud upon the plaintiff herein which was the basis of the action upon which plaintiff recovered judgment as aforesaid, to wit, on or about the 20th day of January, 1909, and for the purpose of concealing his property and defrauding his creditors and particularly the plaintiff herein, the said W. R. Price, without any consideration, assigned to Mary L. Price, his wife, two hundred forty-five (245) shares of the capital stock of the 'Building Association of the Society of the New or Practical Psychology,' which belongs to him, and the said stock still stands in the name of the said Mary L. Price, and she falsely pretends that she is the owner of said property as her separate property; that the reasonable market value of said shares is the sum of $2,450.''

It is further alleged in said first count that Mary L. Price has threatened to transfer said capital stock and will transfer it unless restrained by an order of the court.

The second count alleges in terms similar to those contained in the first an assignment by W. R. Price to his said wife of all his interest in and to a deposit in the Citizens Savings Bank of Long Beach. The judgment, however, gives no relief with reference to this deposit and this count, therefore, requires no further notice.

The third count alleges a similar transfer by W. R. Price to his wife of lot seventeen of the Holloway Tract situated in the city of Long Beach.

The fourth count sets forth a like transfer of the north fifty feet of lot four and the east seventy-five feet of the south one hundred feet of said lot in block five of the city of Long Beach. With reference to the last described property it is further alleged that after the transfer to her the defendant Mary L. Price "for the further purpose of deceiving the creditors of W. R. Price . . . executed a mortgage of said property to the defendant Hannah Cushing to secure the payment of a promissory note for $7,000,'' payable five years after date. It is alleged that said mortgage was without consideration and was given for the purpose of delaying and defrauding the creditors of W. R. Price.

The defendants answered separately, denying the material allegations of the complaint. In addition, the answer of Mary L. Price alleges that on the fourth day of December,

1908, three days after the date upon which the property described in the fourth count is alleged to have been transferred to her she filed a homestead on said property in due form, which homestead was duly recorded "and that the same is now a perfect, valid homestead on said property" subject to the mortgage of Hannah Cushing.

The findings were in favor of the plaintiff and followed the allegations of his complaint except, as already indicated, with reference to the second count, and except, further, that the court found that the mortgage executed by Mary L. Price to Hannah Cushing was not made without consideration and was not made for the purpose of delaying and defrauding the creditors of W. R. Price. It should also be noted that, while the complaint alleges the transfer by W. R. Price to his wife of the north fifty feet of lot four and the east seventy-five feet of the south one hundred feet of said lot in block five of the city of Long Beach (this being the property described in the fourth count), the court finds that the transfer was of a one-half interest in said property. It also found that on the fourth day of November, 1908, the defendant Mary L. Price filed a homestead on the last above described property, which homestead was recorded as alleged in her answer.

The judgment is that the 245 shares of the capital stock of the Building Association of the Society of the New or Practical Psychology be declared to be the property of W. R. Price and the transfer of the same to Mary L. Price is adjudged to have been fraudulent and void. A like adjudication is made regarding lot seventeen of the Holloway Tract. With reference to the property in lot four of block five, described in the fourth count, it is adjudged that the transfer of a one-half interest therein be declared fraudulent and void, and that Price be declared the owner of said property "subject to the homestead rights filed on the same by Mary L. Price," and subject to the Cushing mortgage. It is further ordered and adjudged that the defendant Mary L. Price be enjoined and restrained from transferring or conveying the 245 shares of the capital stock of the Building Association.

The first point made by the appellants is that the complaint and the findings are insufficient to sustain the judgment in favor of the plaintiff for the reason that they do not show that the judgment for $7,728.18 and costs recovered by the plain-

tiff against Price is a final judgment. It was not necessary to allege or prove this fact. The general rule undoubtedly is that until a judgment becomes final by affirmance on appeal or by the lapse of the time within which an appeal might be taken, such judgment is not admissible in evidence and cannot be relied upon as the foundation of rights declared in it. (*Feeney* v. *Hinckley,* 134 Cal. 467, [86 Am. St. Rep. 290, 66 Pac. 580], and cases cited.) But the rule has no application to the case at bar. The present action is of the kind commonly known as a creditor's bill. Its purpose is to apply to the satisfaction of the creditor's demand property of the debtor which was transferred by such debtor with intent "to delay or defraud any creditor or other person of his demands." (Civ. Code, sec. 3439.) Section 3441 of the Civil Code provides that "a creditor can avoid the act or obligation of his debtor for fraud only where the fraud obstructs the enforcement, by legal process, of his right to take the property affected by the transfer or obligation." Consequently it is universally held that a creditor is not in a position to attack a transfer for fraud unless he has a specific lien upon the property transferred or has reduced his claim against the debtor to judgment. The rule is thus stated in *Brown* v. *Campbell,* 100 Cal. 635, [38 Am. St. Rep. 314, 35 Pac. 433], quoting from Bump on Fraudulent Conveyances, second edition, p. 522: "A creditor cannot be said to be delayed, hindered, or defrauded by any conveyance, until some property out of which he has a specific right to be satisfied is withdrawn from his reach by a fraudulent conveyance. Such specific right does not exist until he has bound the property by judgment, or by judgment and execution, as the case may be, and has shown that he is defrauded by the conveyance in consequence of not being able to procure satisfaction of his debt in a due course of law." The bill maintained by a judgment creditor to subject to the payment of his demand property fraudulently transferred by the debtor is not, strictly speaking, an action upon his judgment. It is really an action for equitable relief against the obstruction caused by a transfer which hinders him in satisfying his claim by the ordinary process of law, that is to say, by an execution. If, then, he has put himself in a position to levy execution, he has done everything necessary to enable him to attack the transfer

which hinders his enjoyment of his right. The fact that the
time for appeal has not expired does not prevent the issuance
or the levy of execution under a money judgment, nor is the
right to have execution affected by the fact that an appeal is
actually taken, unless an undertaking to stay execution has
been given. It must accordingly be held that, in the absence
of such undertaking, a plaintiff who has recovered judgment
may maintain a creditor's bill, notwithstanding the fact that
the time for an appeal has not expired or an appeal has actu-
ally been taken and is pending. Such was the ruling of the
district court of appeal for the first appellate district in
*Jenner* v. *Murphy*, 6 Cal. App. 435, [92 Pac. 405], and we
are cited to no authority holding to the contrary.

The further objection is made that the court failed to find
upon the title or ownership of one-half of the property de-
scribed in the fourth count. It is true that the complaint
alleges a transfer of the entire property and that the finding
refers only to a one-half interest. But we cannot see that the
appellants are in any way injured by the fact that only one-
half of the property described in the fourth count is declared
to be subject to the plaintiff's demand, or that a finding re-
garding the other half interest, even though it had been in
favor of appellants, would have authorized a judgment more
favorable to them. If the further finding would not have had
this effect, its absence affords no ground for reversal. (*Wind-
haus* v. *Bootz*, 92 Cal. 617, [28 Pac. 557].) The appellants
argue that since, under our decisions, a homestead cannot be
selected or claimed on lands owned by the claimant as a ten-
ant in common or joint tenant (*Schoonover* v. *Birnbaum*, 148
Cal. 548, [83 Pac. 999]), the effect of setting aside the trans-
fer of an undivided one-half of the property from W. R. Price
to his wife is to invalidate the homestead claimed by her. But
the rule does not apply where the joint or common tenancy
is that of husband and wife (*Swan* v. *Walden*, 156 Cal. 195,
[134 Am. St. Rep. 118, 20 Ann. Cas. 194, 103 Pac. 931]),
which, in the absence of anything to the contrary, we must,
in support of the judgment, presume to be the condition here.
And, beyond all this, the judgment expressly makes the title
of W. R. Price subject to the homestead filed by his wife.
Here is an express adjudication of the validity of the home-
stead. The plaintiff is not appealing and the defendant Mary

L. Price may, therefore, rest with security upon the adjudication that her homestead is valid. In this respect the judgment is in her favor and she is not in a position to attack it because in her opinion the court founded its conclusion upon insufficient premises.

The contention that the court did not make any finding of intent to defraud on the part of W. R. Price is not sustained by the record. We have already quoted the allegations of the complaint, and these allegations are, as to each count, carried into the findings. Thus, taking the first count as an example, it is alleged and found that on or about the twentieth day of January, 1909, "and with the purpose of concealing his property and defrauding his creditors, and particularly the plaintiff herein, the said W. R. Price without any consideration assigned to Mary L. Price, his wife, 245 shares of the capital stock of the Building Association," etc. It is true that in cases arising under section 3439 of the Civil Code the question of fraudulent intent is one of fact and not of law (*Bull* v. *Bray*, 89 Cal. 286, [13 L. R. A. 576, 26 Pac. 873]), and the fact must, accordingly, be alleged and found. But here is a finding which declares in terms that the transfer was made for the purpose of concealing the debtor's property and defrauding his creditors. Nothing more is required.

It is suggested that the findings are not sufficient to show that the one thousand four hundred shares of stock put in the name of Clinton Johnson were fraudulently transferred to him. He was not a party to the action. The only purpose of mentioning the stock in his name was to show that the judgment debtor did not have property, other than that involved in the suit, out of which plaintiff's execution might be satisfied. If that stock had been fraudulently transferred to Johnson, the plaintiff was prevented from effectually seizing it by execution, and the fact that the stock remained liable for Price's debts was no obstacle to plaintiff's pursuing the property involved in this action. On the other hand, if the transfer to Johnson was *bona fide* and vested the title to the stock in him, the plaintiff could not under any circumstances pursue such stock, and was for that reason in a proper position to attack the transfers made by Price to his wife. In any event Johnson, not being a party to this action, could not, of course, be affected by any judgment rendered herein, even if the court

had undertaken to make an adjudication regarding the stock held by him. But this, as we have seen, it did not do. The judgment contains nothing which concludes anybody with reference to this stock.

Upon the oral argument herein, and by supplemental brief filed after the hearing, the appellants suggest that since the taking of this appeal the judgment recovered by the plaintiff Sewell against W. R. Price for $7,728.18, upon which the execution mentioned in the complaint herein was issued, has been reversed by this court (*Sewell* v. *Christie and Price,* 163 Cal. 76, [124 Pac. 713]), and it is claimed that by such reversal the foundation of this action has been destroyed. But, in the absence of anything in the record to show such reversal or to show that the judgment so reversed was the one set up in the complaint in this action, we cannot take notice of the alleged fact. The appellants cite *Hollenbach* v. *Schnabel,* 101 Cal. 312, [40 Am. St. Rep. 57, 35 Pac. 872], and similar cases, as establishing the doctrine that courts will take judicial notice of their own records. But the rule is limited to proceedings in the same case. It is well settled that courts cannot in one case take judicial notice of their records in another and different case. (16 Cyc. 918; *People* v. *De la Guerra,* 24 Cal. 73; *Lake Merced W. Co.* v. *Cowles,* 31 Cal. 214; *Ralphs* v. *Hensler,* 97 Cal. 296, [32 Pac. 243].)

It might seem, at first sight, that the refusal to here consider the reversal of the money judgment recovered by plaintiff will work an irremediable injury to the appellants. But this is not so. In the first place, the judgment in this case does not direct any seizure or sale of the property involved. It declares that property to be owned by W. R. Price and thus makes it possible to levy upon it an execution directed against the property of W. R. Price. But, if the judgment against Price has been reversed, no execution can issue thereunder. Furthermore, if the judgment in this action is now affirmed, notwithstanding the present existence of facts which make it inequitable that the judgment should stand, and the failure to make those facts appear is due to no fault of the appellants, it is not to be doubted that adequate relief might be had by an independent action in equity to restrain the plain-

tiff from taking advantage of the judgment now under review. (23 Cyc. 991.)

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.