[Civ. No. 1975.  Second Appellate District.—July 6, 1916.]

CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. ROSCOE E. MOORE et al., Respondents.

JOHN GRIFFIN JOHNSTON, Cross-complainant and Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant; O. B. CARTER, Respondent.

EMINENT DOMAIN — OWNERSHIP — FORMER ADJUDICATION — EVIDENCE—ADMISSIBILITY OF JUDGMENT-ROLL AND FINDINGS—ESTOPPEL.—In an action by a city to condemn land for the purpose of widening a thoroughfare, where defendant pleaded a former adjudication as to the title of the land between the city and his predecessor, the judgment-roll and findings in the former action are admissible in evidence, although uncertain as to the identity of the land, where the pleadings admitted that the precise tract involved was in dispute in the former action, the judgment not being so ambiguous as to be void; and the former judgment estops the plaintiff in the second action.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Albert Lee Stephens, City Attorney, and Myron Westover, Deputy City Attorney, for Appellant.

Carter, Kirby & Henderson, Charles Lantz, and Davis, Lantz & Wood, for Respondents.

JAMES, J.—This action was brought by the city of Los Angeles to condemn two certain strips of land lying on either side of Avenue 20, for the purpose of widening that thoroughfare. The only question to be considered on this appeal concerns the matter of the ownership of one parcel of land affected by the condemnation. The city of Los Angeles, the plaintiff, claimed that it was the owner of this parcel; the trial court, however, determined that the title was in respondent Carter. Carter, by his answer made to the complaint, pleaded a former adjudication as to this precise parcel of

land, had in an action in which his predecessor in interest was the plaintiff and the city of Los Angeles a defendant. Carter maintained, in which contention he was sustained by the trial judge, that by the judgment in the action last referred to, the municipality was estopped from again litigating the question of title. In the action, the judgment in which Carter pleaded in bar, and which we will hereafter refer to as the Fox case, the plaintiff there sought to quiet his title to a lot which he designated as lot 8 of the additional subdivision of the Hamilton Tract, as per map thereof recorded in Book 28, at page 96, Miscellaneous Records of Los Angeles County. The judgment followed the description of the land as contained in the complaint. By reference to the map mentioned, it is found that, while the northerly, easterly, and southerly boundary lines are distinctly marked by continuous black lines, the westerly side of the lot, instead of there being a boundary line marked in like manner as on the other sides, shows two dotted lines extending between the prolongation of the northerly and southerly boundary lines of the lot, and which dotted lines inclose a wedge-shaped parcel varying from about fifty feet at one end to about thirty or thirty-five feet at the other. It is this wedge-shaped piece of ground that the city claimed in this action to be the owner of. Precisely stated, the city's claim is that the judgment rendered in the Fox case, by referring to the map of the Hamilton Tract for a description of the property affected, did not accurately describe any certain property, and that because of such ambiguity the judgment could not be aided by any extraneous evidence and could not be pleaded as a bar in estoppel of the right of the city to here again assert title. The city objected to evidence offered by Carter of the judgment-roll in the Fox case, and also to the stenographic reporter's record of the testimony of a surveyor who was called upon to identify the small parcel in dispute in the Fox case. The judgment in the Fox case was not so ambiguous as to be void. It referred to the map of the tract as recorded, which map did, it is true, leave clouded in some uncertainty the exact location of the southerly boundary line of lot 8. Nevertheless, as between Fox and the city of Los Angeles, it was admitted in the pleadings in that case that the precise tract of land which is involved here was in dispute, and that it was included within lot 8 as shown on the recorded map. The city in the Fox case

affirmatively alleged that the wedge-shaped tract of land was a part of lot 8, and the court found in that case that the plaintiff Fox was the owner of all of lot 8 and that the city was not the owner of that portion of it to which title was especially alleged as being in the city.   The Fox suit brought directly in issue the matter of title to the small parcel of land, and the city admitting in that action that the parcel was contained within lot 8, should be estopped from afterward asserting that the judgment in the Fox case adjudicating the fee title to be in Fox and that the city had no interest in the land, did not settle that question.   There was no appeal taken in the Fox case and no effort made, so far as appears, to have that judgment revised in any way.   We think that the pleadings and findings in the Fox case were proper to be introduced in evidence in this action in order to illustrate the issues presented in that suit.   (*Graves* v. *Hebbron*, 125 Cal. 400, [58 Pac. 12].)   On the question of estoppel, the case of *People* v. *Holladay*, 93 Cal. 241, [27 Am. St. Rep. 186, 29 Pac. 54], is in point.

The appeal taken herein was both from the judgment and from an order denying a motion for a new trial.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.