[Civ. No. 12881. Second Appellate District, Division Two.—February 17, 1941.]

JOHN JOHNSTON, Appellant, v. Y. OTA, Defendant, ALFRED T. KINGSBAKER et al., Defendants and Respondents.

Mitchell & Gold and Seymour Gold for Appellant.

Joseph S. Dubin for Respondents.

MOORE, P. J.—Plaintiff appeals from a judgment after trial of a plea of *res judicata* to counts 3 and 4 of the amended complaint and a dismissal of counts 1 and 2 on plaintiff's motion.

In the present action plaintiff demands damages for a breach of contract to pay rentals in the sum of $1800 on lands of plaintiff and for $500 which plaintiff "was compelled to expend for the cultivation and irrigation of said lands (the alleged obligation of the lessee) an itemization of said expenses being attached" as an exhibit.

Defendant interposed a number of defenses including the plea in bar by reason of a former judgment of dismissal of an action brought by the same plaintiff against the same

defendants. From such judgment of dismissal, it appears that an action involving the same parties had been dismissed by the same court on November 11, 1938, after "plaintiff has failed to file a third amended complaint."

When the case was called for trial, the court upon the motion of defendants proceeded with the trial of the plea of *res judicata* (Code Civ. Proc., sec. 597). At the trial no evidence was introduced. A copy of the judgment in the first case was attached as an exhibit to the answer. Without receiving any formal proof the court took judicial notice of the contents of the judgment roll and made findings substantially as follows: That counts 3 and 4 are upon the same claim and involve the same facts and parties as in the first action; that the evidence necessary to establish the allegations in the first action was and is the same evidence that would be necessary to establish plaintiff's claim in the third and fourth counts in the present action; and that all matters and things contained in the third and fourth counts of the second amended complaint in the present action "have been concluded and adjudicated in favor of said defendants and against plaintiff by reason of said judgment of dismissal."

The questions for our determination are: (1) Can the superior court take judicial notice of the contents of the judgment roll in a former adjudication between the same parties, in another action and (2) Was it error to refuse an offer of the judgment roll in the first action?

■ (1) The general rule is that the court will not take judicial notice of other actions, not even those pending or concluded in the same court. (*Bank of America* v. *Button,* 23 Cal. App. (2d) 651 [74 Pac. (2d) 81]; *People* v. *Newell,* 192 Cal. 659 [221 Pac. 622]; *Stanley* v. *McElrath,* 86 Cal. 449 [25 Pac. 16, 26 Pac. 800, 10 L. R. A. 545]; *Paridy* v. *Caterpillar Tractor Co.,* 48 Fed. (2d) 166; *Glaze* v. *Bogle,* 105 Ga. 295 [31 S. E. 169].) The authority of a court to take judicial notice of its own records is limited to proceedings in the same case. (*Sewell* v. *Price,* 164 Cal. 265 [128 Pac. 407].)

In reversing the trial court which found, by judicial notice, that the action was barred by a judgment in a former action in the same court, the Circuit Court of Appeals of the Seventh Circuit, held that only under exceptional circum-

stances will a court notice proceedings in another cause, although tried in that court between the same parties. (*Paridy* v. *Caterpillar Tractor Co., supra.*) The only exception to the rule is where unreasonable hardship would result. (*Bank of America* v. *Button, supra.*) Although the judgment pleaded was an adjudication of the matter at bar and may have been rendered by the same court upon the same cause of action, and although such judgment and its supporting papers may be on file in the same court still the party pleading such prior adjudication carried the burden of establishing his plea which can be done only by actual proof of its records. (*Glaze* v. *Bogle, supra.*)

It must appear either upon the face of the record or be shown by extrinsic evidence that the precise issue raised in the second action was determined in the former suit. (*Russell* v. *Place,* 94 U. S. 606 [24 L. Ed. 214].) In a second action between the same parties where it was alleged that the land involved in the complaint was the same land that was involved in the first action, it was proper for the court to receive in evidence the transcript containing the judgment roll for the purpose of establishing the allegations of the complaint. (*Graves* v. *Hebbron,* 125 Cal. 400 [58 Pac. 12].)

There was no circumstance in the instant case that would have justified the court's taking judicial notice of the judgment pleaded or of the pleadings which preceded it. The parties were represented by counsel and the record of the first case lay upon the counsel table within the view of the court. By use of it plaintiff offered to prove that the demurrer in the first case stated 15 grounds; that three were directed to the lack of substance to constitute a cause of action; one to the jurisdiction of the court and 11 items were special demurrers on the grounds of uncertainty and ambiguity. The transcript may have shown that the demurrer might have been sustained on the question of jurisdiction; or on one or more of the numerous grounds of special demurrer; or that it may have been sustained because of an omission of technical allegations that are indispensable to the statement of a valid cause of action. ■ If it had been sustained for lack of jurisdiction, the judgment would not be a bar to the filing of a new action. (*Kirsch* v. *Kirsch,* 113 Cal. 56 [45 Pac. 16'].) If it had been sustained because of uncertainties or ambiguities, the judgment would not be a bar to the filing of a

new action. (*Goddard* v. *Security Title etc. Co.,* 14 Cal. (2d) 47 [92 Pac. (2d) 804].) Even though the judgment of dismissal is based upon the order of the court sustaining a general demurrer, such judgment might not have adjudicated the substantial rights of the parties. If the judgment did not determine the merits of the existing controversy, upon a complaint that contained a valid declaration of all the ultimate facts then the prior judgment on demurrer is not a bar to the present action. (*Goddard* v. *Security Title etc. Co., supra; Erganian* v. *Brightman,* 13 Cal. App. (2d) 696 [57 Pac. (2d) 971].)

█ (2) After the defendants had rested their case upon the judgment attached to their answer as an exhibit, the court erred in denying plaintiff's offer to prove by the judgment roll the claims asserted by plaintiff, to wit, that the claims set forth in the present action are not identic with those alleged in the prior action. While it is true that the exhibit showed beyond a peradventure that the parties to the action were the same, still it was necessary, in order to establish the plea in bar that the defendants prove that the present action involved the identical matters and things that were adjudicated by the dismissal of the first action. And, when they declined to offer any proof of their plea, and the court was disposed favorably thereto, plaintiff's offer of legal evidence to defeat the plea should have been received.

█ If we may assume the accuracy of respondent's representations in their brief, the court would have found the identicity of the issues in the two cases. But the record before us shows only findings of fact without evidence to support them. The fact that the judgment was attached as an exhibit to the answer, merely establishes its genuineness and due execution. (Code Civ. Proc., sec. 448.) It does not prove the matters adjudicated by the judgment of dismissal. There were no means by which the court could have determined whether the demurrer in the former case was sustained for want of jurisdiction or upon one or more of the special demurrers or whether it was for lack of substance in the complaint to constitute a cause or causes of action. ''Generally judgments merely of dismissal whether voluntary or involuntary are not on the merits and do not operate as a bar or estoppel in subsequent proceedings involving the same matters unless it appears that the judgment necessarily in-

volves those matters.'' (*Campanella* v. *Campanella,* 204 Cal. 515, 520 [269 Pac. 433].) Because of an utter want of proof, there was no judicial determination by the court of the matters pleaded in bar. *Ibid.* ''Every estoppel must be certain to every intent and not to be taken by argument or inference. If upon the face of the record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded and nothing conclusive in it when offered in evidence''. (Coke on Littleton, par. 362b.)

■ In order to justify the judgment of *res judicata,* it must be shown that the rights of the plaintiff alleged in the present action against the same defendants are the identic rights that had been adjudicated in the former action. Finally, as if endeavoring to make certain that the dominion of a judgment might not be extended beyond the limitations indicated by the authorities, both ancient and modern, the legislature in the early years of our statehood enacted section 1911 of the Code of Civil Procedure, to wit: ''That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged or which was actually and necessarily included therein, or necessary thereto.'' ■ The plea of former adjudication can be proved only by the judgment roll or other competent evidence. (*Graves* v. *Hebbron, supra; Los Angeles* v. *Moore,* 31 Cal. App. 39 [159 Pac. 872]; *Stanley* v. *McElrath, supra;* 96 A. L. R. 944, note.)

For the foregoing reasons the judgment is reversed.

Wood, J., and McComb, J., concurred.