[Civ. No. 7674.   Second Appellate District, Division Two.—January 27, 1931.]

GOODYEAR TIRE AND RUBBER COMPANY (a Corporation), Petitioner, v. HON. J. WALTER HANBY, Judge of the Superior Court, etc., et al., Respondents.

A. G. Ritter for Petitioner.

Norbert Savay for Respondents.

WORKS, P. J.—James Steiner commenced an action in respondent court against petitioner in this proceeding. Later he filed an amended complaint therein. This pleading was in two counts.

It was alleged in the first count, in effect and among other things, that Steiner was injured on the head by a falling steel bar while in the course of an employment under petitioner and that the injury arose out of the employment, that the injury consisted of two depressed fractures of the skull, that on a certain date the Industrial Accident Commission gave Steiner an award against petitioner because of his injury, directing that petitioner "furnish to applicant forthwith a decompression operation together with the medical and hospital treatment reasonably necessary to cure and relieve appellant from the effects of his injury", that petitioner did furnish a decompression operation but for only one of the depressed fractures, that, therefore, petitioner did not comply with the award, although Steiner demanded from petitioner a further operation for the second depressed fracture, that as a direct consequence of the failure and refusal to furnish the second operation Steiner suffered "damage to his brain, has been injured in his health and constitution and made sick generally in [and(?)] his mental and intellectual faculties have been impaired, has suffered and continues to suffer great and agonizing pain in his head", thereby rendering him unable to pursue any occupation, all to his damage in the sum of $50,000, and that no remedy is open to him except by suit in respondent court to compel specific performance of the award and to recover the damages alleged.

The second count repeated, by reference, all the allegations of the first count, and averred in addition that ten days before the decompression operation was performed Steiner and petitioner entered into an agreement which was "as follows: That defendant shall choose and employ a surgeon to perform said decompression operation on plaintiff's head;

that in consideration of plaintiff's consenting to said selection by defendant of the surgeon to perform such operation, the defendant agreed to furnish plaintiff with an operation or operations that may be necessary for the removal of all the depressed fractures on plaintiff's head, and to treat the plaintiff until reasonably cured of said injury''; that the operation was performed as alleged in the first count, that demand was thereafter made upon petitioner ''to comply fully with the terms of the agreement heretofore stated, and to furnish an operation for the remaining depressed fracture'', etc., that petitioner refused and still refuses to comply with the demand, ''in consequence whereof plaintiff has endured and still endures great physical and mental suffering'', etc., to his damage in the sum of $50,000.

At the conclusion of the amended complaint Steiner demanded judgment for specific performance of the award, for specific performance of the agreement between the parties, for damages as alleged, for costs and for all other proper relief.

Petitioner demurred to each count of the amended complaint on the ground, among others, that it ''affirmatively shows that this court has no jurisdiction of the subject-matter of said action and that the sole jurisdiction in connection with the matters therein alleged is vested in the Industrial Accident Commission of the State of California''. The demurrer was overruled and petitioner was allowed ten days within which to answer. In due time an answer was filed. Petitioner then, under appropriate allegations, asked this court to prohibit further proceedings in the action and an alternative writ of prohibition issued.

The questions presented in the proceeding are so simple that we shall answer them with dispatch. At the conclusion of respondents' brief the points made by them are summarized in seven brief statements. In each of the ensuing seven paragraphs we shall state one of these points, immediately following the statement with our views upon it.

■ ''Petitioner failed to make objection to the ruling of the subordinate court before applying for prohibition.'' The position of petitioner was fully made known to the court by the demurrer. The court sufficiently indicated its intentions by overruling the demurrer and allowing petitioner time to answer. No more was necessary.

■ "Petitioner acquiesced in the decision of the respondent, Judge Hanby, by filing his [its] answer." The filing of the answer was no waiver of the point made in the demurrer that the court had no jurisdiction of the subject matter of the action.

■ "In the case under consideration an appeal would have afforded petitioner a plain, speedy and adequate remedy at law." An appeal could not have been prosecuted until after a trial of the issues of fact presented by the amended complaint and the answer. The appeal would have been neither speedy nor adequate. To remit petitioner to its right of appeal would cause the expense and the delay incident to the trial and review of an action over which respondent court had not the shadow of jurisdiction. The expense and delay entailed upon petitioner, and the activities of the courts in the attempted exercise of a wholly unwarranted jurisdiction, should be halted at once.

"It does not seem conceivable that any injury (and still less that any irreparable injury) could result to the petitioner if he [it] exercised his [its] right of appeal from the lower court—whereas, it is perfectly clear that in the event of prohibition the plaintiff might suffer an irreparable injury." A portion of this statement has been answered in the next preceding paragraph. For the remainder, it is perfectly clear that Steiner could and will suffer no injury from the peremptory writ of prohibition which we propose to issue, halting, as it will, the trial, and rendering impossible the appeal, of an action over which respondent court has no jurisdiction whatever. On the contrary, if petitioner were remitted to its right of appeal Steiner, together with petitioner, would be injured by the expenditure of time and money incident to the trial and appeal of a wholly fruitless action.

■ "All authorities agree that prohibition should never issue except in clear cases of judicial usurpation, or clear violation by the court of mandatory provisions of law." This is a clear case for the issuance of the writ of prohibition.

"Errors of law of a subordinate tribunal cannot be corrected by prohibition." This is a general proposition which we do not endeavor to meet in terms. Certainly where, as here, a trial court threatens to continue in the attempted

exercise of a jurisdiction which is absolutely nonexistent, the wheels of its unwarranted progress may be stopped by prohibition.

█ "The record conclusively shows that the case at bar" —counsel must mean the action heretofore pending in respondent court—"is clearly within the jurisdiction of the superior court". The record conclusively shows the contrary.

A peremptory writ of prohibition will issue as prayed.

Craig, J., and Thompson (Ira F.), J., concurred.