[Civ. No. 14284. Second Dist., Div. Three. Jan. 28, 1944.]

LIBERTY MUTUAL INSURANCE COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Lyndol L. Young and L. R. Brigham for Petitioners.

Joseph L. Fainer and Thomas Connell for Respondents.

Arthur Garrett and Lasher B. Gallagher as Amici Curiae on behalf of Respondents.

WOOD (Parker), J.—This is a proceeding in prohibition. Kenneth Toft commenced an action in the Superior Court in Los Angeles County for damages for alleged malpractice against petitioner Liberty Mutual Insurance Company, a corporation, petitioner California Shipbuilding Corporation, a corporation, and three individuals. Said insurance company will be referred to herein as the insurance company, and the shipbuilding company will be referred to as the shipbuilding company.

It was alleged in the complaint therein that two of the individual defendants were physicians and surgeons (the status of the other individual defendant was not alleged); that the three individuals were employed by the other defendants therein and were acting within the scope of their employment at the time of the alleged injury; that defendants maintained, operated and controlled a first-aid station and office for medical treatment on premises belonging to defendant shipbuilding company; that defendants represented to plaintiff that they owned, operated and maintained said first-aid station and medical office; that "on or about November 19, 1941, and on many occasions thereafter, plaintiff herein as an employee of the defendant, California Shipbuilding Corporation, and upon instructions of the defendants and each of them, went to the first aid station and office as aforesaid, and submitted to treatment for an injury to his hand, relying upon the representations of the said defendants that they, and each of them, maintained, owned, operated and controlled said first aid station and medical office"; that at said times

the defendants and their employees so carelessly and negligently X-rayed and treated the plaintiff's hand that it was severely burned, and that they negligently failed to diagnose said X-ray burns and to prescribe for said burns, causing plaintiff's hand to be permanently injured to plaintiff's damage in a designated sum of money.

Petitioners demurred to the complaint upon the grounds, among others, that no cause of action was stated; that the court had no jurisdiction of the subject matter of the complaint insofar as petitioners were concerned, in that the Industrial Accident Commission had exclusive jurisdiction, so far as petitioners were concerned, over the cause of action set forth in the complaint; and that it could not be ascertained therefrom whether plaintiff "at the time he received the injury to his hand referred to in his complaint, was performing services growing out of and incidental to his employment by defendant California Shipbuilding Corporation and was then acting within the course and scope of his employment."

At the hearing of the demurrer petitioners argued (as shown by the petition) that, as to petitioners, the superior court was without jurisdiction because the matters involved in said action were within the sole and exclusive jurisdiction of the Industrial Accident Commission. At said hearing petitioners filed a certified copy of the findings and final award of the Industrial Accident Commission, presumably as a memorial to aid the judge as to matters of which the petitioners asserted the court should take judicial notice. The said findings showed that the commission found that plaintiff Toft "while employed as a rigger on November 19, 1941 ... by California Shipbuilding Corporation, sustained injury arising out of and occurring in the course of his employment to his right hand," and that "at said time, said employer's compensation insurance carrier covering said injury was Liberty Mutual Insurance Company." The award showed that the commission awarded plaintiff Toft $3,475 as compensation. In overruling the demurrer, the court stated in its minute order that the judgment of the Industrial Accident Commission should be set up as a separate defense in the answers.

The petitioners thereupon filed their answer in said action, in which they denied: that the three individual defendants were employed by petitioners; that petitioners, or either of

them were careless or negligent; that petitioners or either of them maintained, operated or controlled the first-aid station or the office for medical treatment referred to in the complaint; that they represented to plaintiff Toft that they or either of them owned, operated or maintained the first-aid station or medical office referred to in the complaint. The petitioners admitted in their answer that on or about November 19, 1941, plaintiff Toft was an employee of the shipbuilding company, and that he went to the first-aid station located in the yard of the shipbuilding company "and provided and owned by the United States Government" for treatment of an injury sustained by him while he was performing services incidental to said employment and while he was acting within the scope of said employment. In an affirmative defense the petitioners alleged that, at the time plaintiff Toft was receiving treatment for injuries sustained by him, he was an employee of the shipbuilding company, and that the injuries were sustained while he was performing services incidental to said employment and while he was acting within the scope of said employment; that the Liberty Mutual Insurance Company was said employer's compensation insurance carrier covering said injury to plaintiff, and that said employer, insurance carrier, and plaintiff employee were all subject to the provisions of the workmen's compensation laws; that plaintiff filed his application for adjustment of his claim against the shipbuilding company and its insurance carrier with the Industrial Accident Commission; that the Industrial Accident Commission, pursuant to the filing of said application, conducted a hearing and made its findings of fact and award in favor of plaintiff, and against said insurance carrier; that a certified copy of said award was attached to said answer and made a part thereof; and that the amount of said award and the benefits thereof had been accepted by plaintiff, and that said award was a final judgment and constituted a bar to plaintiff's action; that the exclusive remedy of plaintiff against said defendants (the petitioners) was under the provisions of the Workmen's Compensation Act and that the superior court did not have jurisdiction of the subject matter of plaintiff's complaint, in that the Industrial Accident Commission had exclusive jurisdiction over said subject matter. As a further affirmative defense it was alleged that defendant Stellar, a physician and surgeon, treated injured employees

of the shipbuilding company pursuant to a contract between him and the insurance company, and that in so doing he acted as an independent contractor, and that plaintiff was treated by that physician and his employees; that the insurance company exercised due care in examining the professional qualifications of defendant Stellar as a physician and surgeon prior to entering into said contract with him.

The petition herein alleges the substance of the pleadings in said action and the proceedings had therein. The petition alleges further: ''that said action shows on its face that, as to your petitioners, and each of them, it is an action by an employee against his employer on account of injuries received by said employee while he was performing services growing out of and incidental to his said employment, and the matters and things arising and growing out of said employment and said injuries.'' The petition alleges further: ''that the official records of the Industrial Accident Commission of the State of California, of which said records the courts must take judicial notice, show that said action No. 481-266 [the present action] is barred by reason of an award made by said Industrial Accident Commission in favor of said plaintiff and against your petitioner, said defendant Liberty Mutual Insurance Company, a corporation, as the compensation insurance carrier for your petitioner, said defendant California Shipbuilding Corporation.'' Copies of documents attached to the petition as exhibits include the following: the complaint, demurrer, minute order ruling on demurrer, answer of petitioners in the action involved herein including the findings and award of the commission. Copies of other documents included as a part of the petition are: the transcript of the hearing including the testimony of Toft before the commission, and the complaint in an action in the Superior Court in Los Angeles County entitled *R. W. Stellar*, plaintiff, v. *Liberty Mutual Insurance Company*, defendant, wherein Mr. Lasher B. Gallagher, who appears as amicus curiae in this present proceeding, was attorney for the plaintiff.

Plaintiff Toft's return to the alternative writ of prohibition alleges that a settlement of his said action was agreed upon by plaintiff Toft, defendants shipbuilding company, insurance company, and Stellar, whereby defendants agreed to pay plaintiff $7,500, and whereby Toft agreed to dismiss said action with prejudice; that Toft does not traverse the

allegations of the petition because it might be deemed a repudiation by him of said settlement, and that he wishes the court to be advised in the premises in order that the court may not make an order in a proceeding which Toft believes to be moot, and for the further reason that in not traversing such allegations that this court's order herein will not be regarded as a precedent. The affidavit of the attorney for petitioners, in answer to the return of Toft to said writ, states that the offer of settlement was rejected by Toft. It is not necessary, however, to determine that issue of fact, since it does not appear that the alleged settlement has been carried into effect. The pending proceeding is not shown to be moot.

■ The exclusive remedy of an employee against his employer, when both are subject to the provisions of the workmen's compensation laws, for an injury sustained by the employee, who at the time of the injury was performing services arising and growing out of and incidental to his employment and was acting within the course of his employment, and which injury was proximately caused by the employment, and was not caused by intoxication of the employee and was not intentionally self-inflicted, is the right to recover compensation pursuant to the provisions of the workmen's compensation laws (Lab. Code, secs. 3600, 3601), except in the event that, at the time of the injury, the employer was not insured under a policy of compensation insurance or was not permitted to act as a self-insurer (Lab. Code, secs. 3706, 3700). It was said in *Alaska Packers Assn.* v. *Industrial Acc. Com.* (1927), 200 Cal. 579, at page 583 [253 P. 926]: "When the specified conditions exist, the remedy provided by the act [Workmen's Compensation Act] is exclusive of all other statutory or common-law remedies."

■ Exclusive jurisdiction to determine the extent of an injured employee's right to recover compensation under said exclusive remedy is in the Industrial Accident Commission. (Lab. Code, sec. 5300; *Freire* v. *Matson Navigation Co.* (1941), 19 Cal.2d 8, 10 [118 P.2d 809].)

■ As to petitioner shipbuilding company, the complaint does show that plaintiff Toft was its employee. The allegation is that "plaintiff herein, as an employee of defendant, California Shipbuilding Corporation, upon instructions of the defendants and each of them, went to the first aid

station and office as aforesaid, and submitted to treatment for an injury to his hand." It does not show, however, the concurrence of the conditions of compensation, above referred to, requisite for jurisdiction in the commission. For example, as stated in petitioners' demurrer to the complaint, it cannot be ascertained from the complaint whether plaintiff "at the time he received the injury to his hand referred to in his complaint, was performing services growing out of and incidental to his employment by defendant California Shipbuilding Corporation and was then acting within the course and scope of his employment." It would have been consistent with the allegations of the complaint if plaintiff's hand had been injured at plaintiff's home or some other place having no relation to his employment by the shipbuilding company. "In all cases where the conditions of compensation do not concur, the liability of the employer is the same as if this division [Labor Code provisions relative to compensation] had not been enacted." (Lab. Code, sec. 3602.) The complaint does not show that the commission has exclusive jurisdiction as to the shipbuilding company.

As to petitioner insurance company, the complaint does not show that said petitioner was an employer of plaintiff Toft. It does not show that said petitioner was a compensation insurance carrier for the petitioner shipbuilding company.

The case of *Goodyear Tire & Rubber Co.* v. *Hanby* (1931), 111 Cal.App. 382 [295 P. 562], upon which petitioners rely, and wherein a writ of prohibition was issued upon the ground that the Industrial Accident Commission had exclusive jurisdiction, is distinguishable from the present action in that the complaint therein showed on its face that an award had been made by the Industrial Accident Commission against the petitioner therein.

Petitioners contend, however, that judicial notice will be taken of the findings and final award of the Industrial Accident Commission which, they assert, show the facts omitted from the complaint that the insurance company was the insurance carrier of the shipbuilding company, and that an award covering the injury involved herein was made against the insurance company in favor of plaintiff Toft.

In support of that contention as to judicial notice, petitioners cite section 1875, subdivision 3, of the Code of Civil Procedure, and the following cases: *Livermore* v. *Beal,* 18

Cal.App.2d 535 [64 P.2d 987]; *Sheehan* v. *Vedder,* 108 Cal. App. 419 [292 P. 175]; and *Leonard* v. *Lennox,* 181 F. 760 [104 C.C.A. 296], which hold that judicial notice will be taken of such matters as records and documents of the General Land Office; *Hammell* v. *Britton,* 19 Cal.2d 72 [119 P. 2d 333], which holds that the Supreme Court will take judicial notice of its judgment on a prior appeal between the same parties in certain instances; *Campbell* v. *Fong Wan,* 60 Cal.App.2d 553 [141 P.2d 43], which holds that judicial notice will be taken of the general safety orders of the Industrial Accident Commission; *Jones* v. *United States,* 137 U.S. 202 [11 S.Ct. 80, 34 L.Ed. 691], which holds that judicial notice will be taken of a letter of the State Department, and a circular of the Treasury Department; *Mason* v. *Drug, Inc.,* 31 Cal.App.2d 697 [88 P.2d 929], which holds that the trial court has the right to take judicial notice of its own records in the same case; and *Mackay* v. *Clark Rig Bldg. Co.,* 5 Cal. App.2d 44 [42 P.2d 341], which does not relate to judicial notice. The cases cited do not hold that judicial notice will be taken of findings or decisions of such commissions as the Industrial Accident Commission made in the exercise of judicial duties.

In *Goodman Bros.* v. *Superior Court* (1942), 51 Cal.App. 2d 297 [124 P.2d 644], it was said at page 301: "The law is settled that the Industrial Accident Commission proceeds judicially, and that its determinations, subject to the same limitations applicable to judgments of courts generally, are res judicata in all subsequent proceedings between the same parties or those privy to them." The Industrial Accident Commission and the Railroad Commission have similar judicial powers. In *Mound W. Co.* v. *Southern Cal. Edison Co.* (1921), 184 Cal. 602, 610 [194 P. 1014], it was argued that a decision of the Railroad Commission that a certain power company held certain water for public use was an adjudication as to the character of the power company and that when the power company conveyed its water system to the Edison Company the water remained subject to the public use. The court said at page 611: "It is unnecessary here to determine the effect of that decision. The court does not take judicial notice of it, and the question can only be raised by an answer setting up the defense of former adjudication." It was

stated in *Johnston* v. *Ota* (1941), 43 Cal.App.2d 94, at page 96 [110 P.2d 507] : ''The general rule is that the court will not take judicial notice of other actions, not even those pending or concluded in the same court. [Citing cases.] The authority of a court to take judicial notice of its own records is limited to proceedings in the same case. (*Sewell* v. *Price,* 164 Cal. 265 [128 P. 407].). . . The only exception to the rule is where unreasonable hardship would result.'' It was said in *Willson* v. *Security-First Nat. Bk.* (1943), 21 Cal.2d 705, at page 711 [134 P.2d 800] : ''Generally a court takes judicial notice only of proceedings in the same case. . . . But in some circumstances judicial notice will be taken of proceedings in other cases in the same court in the interests of justice. (*Hammell* v. *Britton,* 19 Cal.2d 72 [119 P.2d 333] ; *Johnston* v. *Ota,* 43 Cal.App.2d 94 [110 P.2d 507].)''

Inasmuch as the rule just referred to relates to proceedings in the same case in the same court, or other proceedings under certain circumstances in the same court, it is not reasonable to conclude that judicial notice should be taken of a matter such as the present one relating to a decision of another and different tribunal. Judicial notice will not be taken of the findings and award made by the Industrial Accident Commission.

■ The answer in the superior court action herein alleges that the findings and final award by the Industrial Accident Commission are a bar to plaintiff Toft's action. Such allegation is in effect a plea of res judicata. In *Goodman Bros.* v. *Superior Court, supra,* wherein a writ of prohibition was sought, the petitioner, Goodman Bros., was named as a defendant in a superior court action for damages for personal injuries received by Aho, the plaintiff, in the scope of his employment as an employee of petitioner, Goodman Bros. The petitioner therein was included as a defendant on the theory that petitioner was uninsured. The answer of that defendant (Goodman Bros.) alleged that the Industrial Accident Commission had found, upon the application of the plaintiff (Aho) for compensation, that Goodman Bros. was insured, and had made an award against the insurance carrier. The plaintiff therein demurred to the answer and moved to strike out the portion of the answer referring to the finding of the commission that Goodman Bros. was insured. The demurrer was sustained and the motion was granted. Goodman Bros., as petitioner for a writ of prohibition, contended

that the finding of the commission was res judicata as to a jurisdictional fact, that it conclusively determined that petitioner was insured, and that such adjudication deprived the superior court of jurisdiction. The court said at page 304: "Although it is the law that the prior final decision of the commission is res judicata in the superior court action on the issue of insurance, that does not mean that the superior court can be restrained by a writ of prohibition from trying the case there pending against Goodman Bros., Inc. The law is settled in this state that the plea of res judicata does not oust a court of jurisdiction—at most, it is conclusive evidence on an issue presented to the trial court—and prohibition is, of course, a writ that only attacks the jurisdiction of the court." It was held therein that such plea "cannot be enforced by prohibition."

In *Baird* v. *Superior Court* (1928), 204 Cal. 408, it was said at page 412 [268 P. 640]: "*Res judicata* must be affirmatively relied upon and shown in evidence and in some cases must be pleaded, but in no case is the plea in and of itself sufficient to oust the court of jurisdiction. In its strongest form it is nothing more than conclusive evidence upon all or some of the issues involved. When a former judgment is pleaded either in bar or as an estoppel on some issue, there immediately arise questions as to identity of the parties, the validity of the judgment as shown by the judgment-roll, the legal effect to be given it and perhaps many other questions. Such matters are for the determination of the trial court, and whether correctly or incorrectly determined, it is nevertheless the exercise of jurisdiction over the subject matter and the parties."

The issues of fact raised by the answer as to the prior adjudication by the Industrial Accident Commission, which includes the questions as to identity of parties and identity of the injuries in the two proceedings, and the questions as to the validity and finality of the award, are for the determination of the trial court in the exercise of its jurisdiction.

In *Goodman Bros.* v. *Superior Court, supra,* the court stated at page 306: "This rule imposes no great hardship on the parties. Under section 597, Code of Civil Procedure, when the answer pleads a prior judgment as a defense, the court may try that issue before the trial of the main case. This supplies a speedy and expeditious method of disposing of that question."

Even if it were proper under some circumstances to take judicial notice of findings and award of the Industrial Accident Commission, the circumstances herein are not such that judicial notice should be taken in this case. Furthermore, it is not clear that the injury referred to in the findings and award and the injury referred to in the superior court complaint are the same. It is to be noted that the complaint alleges, in referring to the date of the injury, that "on or about November 19, 1941, and on many occasions thereafter, plaintiff . . . went to the first aid station. . . . That on said 19th day of November, 1941, and thereafter, as aforesaid, the defendants . . . negligently x-rayed the plaintiff's right hand . . . as to cause the same to be severely burned. . . ." The findings stated, "Kenneth Toft . . . while employed as a rigger on November 19, 1941 . . . sustained injury . . . to his right hand." As noted the findings do not refer to the X-ray burns or an aggravation of an injury occurring on November 19th, and the complaint refers not only to November 19, 1941, but to "many occasions thereafter."

The alternative writ heretofore issued is discharged, and the petition for the peremptory writ of prohibition is denied.

Shinn, Acting P. J., and Bishop, J. pro tem., concurred.

A petition for a rehearing was denied February 25, 1944.